## CANALES v. UVALDE MUTUAL AID ASS'N NO. 1 et al. (No. 8102.)

Court of Civil Appeals of Texas. San Antonio. Jan. 9, 1929.

Atlas Jones, of San Antonio, for appellant.
Ditzler H. Jones, of Uvalde, for appellees.

SMITH, J. This suit was brought by F. F. Canales to recover as the beneficiary in a life insurance policy issued to his wife, Refugia A. Canales, by the Uvalde Mutual Aid Association No. 1, and assumed by the Mutual Life Insurance Association of Texas. A judgment in favor of the latter resulted in this appeal by F. F. Canales.

It was provided in the insurance policy that, in case of the death of the insured, she being in good standing, the insurer would pay to the beneficiary the sum of $1 for each member at that time in good standing. It is conceded that the insured in this case was in good standing, if it appear that, at the time of her death, she had complied with the provision in the policy that "assessments levied by the Directors of this Association of One Dollar upon the death of any member within fifteen days of date of call for same, * * * and * * * that failure to pay any assessment so levied within fifteen days from date of call * * * shall forfeit all claims as a member of this Association. Such calls to be made as provided by the By-Laws of the Association."

It was provided in the by-laws of the insurer that its president shall "call all assessments on the death of any member"; that its secretary shall "notify all members of assessments * * * by mailing or delivering in person a card containing said notice"; that "any member who shall fail or refuse to pay any assessment in 15 days from date of notice shall stand suspended"; and that, if the insured die while so suspended, the beneficiary in the policy shall be entitled to nothing from the insurer.

[1] It appears that Mrs. J. R. Gibson, a member of the Association, died on July 24, 1927, and the jury found that the secretary of the association mailed notice of this death to the insured, Refugia A. Canales, more than 15 days prior to Mrs. Canales' death. Mrs. Canales died on August 14 or 15, without having paid the assessment. The evidence tends to show that Mrs. Canales never actually received this notice, but that issue was not submitted to the jury. The court rendered judgment denying recovery to the beneficiary upon the theory that the mere placing of the written notice of the assessment against the insured in the mails constituted complete notice of the assessment to the insured. We conclude that this was error.

The very provision for notice is that the secretary of the insurer shall give members notice of assessments "by mailing or delivering in person a card containing said

notice." There is no provision in the policy or by-laws that the mere mailing of a notice of an assessment shall be deemed sufficient compliance with the requirement that notice be given members of such assessments, and, in the absence of such provision, the stipulation for notice should be construed to mean actual notice, in deference to the familiar rules that forfeitures are not favored, and that doubtful provisions in insurance policies should be resolved against the insurer. As was said by our Supreme Court in McCorkle v. Texas Ben. Ass'n, 71 Tex. 149, 8 S. W. 516, "To deprive a person of his property rights without any notice is contrary to reason, and such a claim should not be enforced by the courts unless the terms of the contract plainly require it." See, also, Home Ben. Ass'n v. Jordan (Tex. Civ. App.) 191 S. W. 725.

The judgment is reversed, and the cause remanded.