Under this aspect of the case it is unnecessary to pass upon the assignment of error as to whether the court violated the rules of evidence by admitting evidence of an oral character to contradict or vary the terms of a valid written contract; nor does it become necessary to inquire as to the weight of the evidence, because our attitude upon the main question, as above set forth, eliminates those assignments of error from the case.

Holding these views, the judgment of the lower court is reversed, and final judgment is rendered for the plaintiff in error in the sum of $854, and the cross-petition is therefore dismissed.

*Judgment reversed and judgment for plaintiff in error.*

VICKERY, P. J., and LEVINE, J., concur.

McCOLGAN *v.* THE NEW YORK LIFE INS. CO.

(Decided April 28, 1930.)

*Messrs. Davis & Lipps,* for plaintiff in error.

*Messrs. Garfield, Cross, MacGregor, Daoust & Baldwin* and *Messrs. Ormsby, Kennedy & Vogel,* for defendant in error.

PARDEE, J. The parties occupy the same relative positions in this court as in the court of common pleas, and will be designated in this opinion as plaintiff and defendant, as they were in that court.

The plaintiff alleged in her petition that on the twenty-fifth day of May, 1926, the defendant executed and delivered to one Charlotte T. Dell a life insurance policy upon her life, in consideration of the annual premium then paid by her; that the defendant agreed to pay to the plaintiff, as beneficiary, the sum of $1,000 upon proof of death of said insured, if the policy was then in full force; that the next annual premium became due and payable on the twentieth day of May, 1927, prior to the insured's death, which occurred on July 9, 1927; that said premium was not paid; that the insured did not give notice of a disability; that notice of decedent's permanent total disability before death and proof of death was forwarded by plaintiff to and received by defendant on Oct. 10, 1927; that for some time prior to May 20, 1927, and up to the time of the death of the insured, she had been totally and permanently disabled by disease, and that by reason thereof and in accordance with the terms of the policy, the payment of the premium due on May 20, 1927, was waived—notice of decedent's disability having been given by plaintiff to defendant within six months after default in the payment of said premium; that said policy of insurance was in full

force at the time of decedent's death and that there was due plaintiff the full amount of the policy, for which amount and interest she asked judgment.

The defendant denied liability upon said policy, and the case came on for trial to a jury; and at the conclusion of plaintiff's opening statement, which included, by agreement of the parties, the policy of insurance issued by defendant, the court, upon motion of the defendant, directed a verdict for said defendant and entered judgment thereon. The case is here on error to reverse that judgment.

The only question presented for our consideration is whether the notice required in said policy as to disability had to be given by the insured, or whether it could be given by the plaintiff as a beneficiary after the insured's death, if given within the period of six months after default in the payment of the premium. The trial court took the position that said notice had to be given by the insured, and that therefore the plaintiff did not have a cause of action against said defendant.

The policy of insurance contained, among other things, the following pertinent parts, to wit:

"Total and Permanent Disability

"Disability shall be considered total whenever the insured is so disabled by bodily injury or disease that he is wholly prevented from performing any work, from following any occupation, or from engaging in any business for remuneration or profit; provided such disability occurred after the insurance under this policy took effect and before the anniversary of the policy on which the insured's age at nearest birthday is sixty.

"Upon receipt at the company's home office, be-

fore default in payment of premium, of due proof that the insured is totally disabled as above defined, and will be continuously so totally disabled for life, or if the proof submitted is not conclusive as to the permanency of such disability, but establishes that the insured is, and for a period of not less than three consecutive months immediately preceding receipt of proof has been, totally disabled as above defined, the following benefits will be granted:

"(a)   Waiver of Premium.—The company will waive the payment of any premium falling due during the period of continuous total disability. * * *

"In event of default in payment of premium after the insured has become totally disabled as above defined, the policy will be restored and the benefits shall be the same as if said default had not occurred, provided due proof that the insured is and has been continuously from date of default so totally disabled and that such disability will continue for life or has continued for a period of not less than three consecutive months, is received by the company not later than six months after said default."

By the petition and the opening statement of plaintiff's counsel to the jury, it was claimed that the insured was totally and permanently disabled at the time the annual premium became due on May 20, 1927; that she had been so totally disabled prior thereto, and that said disability continued up to the time of her death; and that timely notice of these facts had been given defendant. All of the foregoing allegations, of course, were admitted to be true by the defendant when it made its motion.

It will be seen by the terms of said policy, that provision is made (a) for giving the company notice

of total permanent disability prior to default in payment of premium, and (b) for giving notice of total permanent disability after default is made in payment of premium, if the insured was totally disabled at the time of default.

In either event, the disability must, by the terms of said policy, be total and permanent or for a continuous period of not less than three consecutive months immediately preceding the company's receipt of proof of disability, and during said period of disability the policy is continued in full force and effect if the disability occurred before default and notice is also given before default, or if disability occurred before default and notice is not given before default but is given within six months thereafter.

By the terms of the policy there were two persons interested in it as beneficiaries; the plaintiff and the insured, who, under the circumstances named therein, might be entitled to certain pecuniary benefits. It may be reasonably presumed that ordinarily the insured would be the one who would give the notice required to keep the policy in force in event claim were made that she was suffering from total disability; but if her death occurred during the period in which proof could have been made and she died without making such proof, why should the plaintiff, as the other beneficiary, be prevented from doing so?

The policy was prepared and reduced to writing by the company; the insured did not have anything to do with its preparation; no opportunity was given to negotiate terms or conditions different from the ones tendered; she had to accept or reject the policy

upon the terms offered. The phraseology is unfortunate; the policy attempts to provide only for permanent total disability, yet it obviously provides for something less. The company now, after preparing its own contract, is seeking to add other terms and conditions to it which could easily have been inserted before the contract was made.

The policy provides for notice, but makes no provision as to who shall give the notice within the period specified. If the decedent had claimed permanent total disability and had given timely notice, the company would not now be contesting liability; but if she were so disabled at the time of default, how can the company be prejudiced because she did not give the notice? The important thing which fixed the right to have the policy continued in force was the disability at the time of default, and without it, a notice given within the specified period would be of no avail.

The policy being silent as to who shall give said notice, and there being no provision that the notice shall be given during the lifetime of the insured, it is only reasonable to assume, in the absence of express declarations upon these subjects, that anyone interested in the policy as a beneficiary may give said notice, either before or after the death of the insured; and if one who has a right to give the notice, dies during the period of limitation without having given the notice, of course the other beneficiary may do so within the limitation period, unless prevented by the terms of the policy.

By the plain and unambiguous words of the policy, it is kept in full force in event the insured is totally disabled on the due date of a premium, if

such disability continues for a definite period of time and timely notice of such total disability is given to the company.

It being admitted by the defendant's motion that the insured was so disabled and that the defendant received notice of that fact within the period of time fixed by the policy, it follows that the judgment of the trial court was wrong.

For the reasons stated the judgment is reversed and the cause remanded for further proceedings as required by law.

*Judgment reversed and cause remanded.*

FUNK, P. J., and WASHBURN, J., concur in judgment.