**PEORIA LIFE INS. CO. OF PEORIA, ILL., v. BERGHOLM et al.** *

**No. 6042.**

Circuit Court of Appeals, Fifth Circuit.

June 5, 1931.

*Rehearing denied July 16, 1931.

J. I. Kilpatrick and Roscoe Wilson, both of Lubbock, Tex., for appellant.

E. L. Klett and Geo. R. Bean, both of Lubbock, Tex., for appellees.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This was an action on a life insurance policy in the sum of $5,000, issued by appellant to Carl Oscar Bergholm, and naming his wife, Iris Christine Bergholm, as the beneficiary. That policy contained the usual provisions as to the payment of premiums, as to the policy ceasing and determining if any premium is not paid on the date when due, except as provided in the policy, and as to the policy continuing in force for the term of one month, of not less than thirty days, if any premium after the first one is not paid on the date when due. After the first year the premiums were made payable quarterly; the first quarterly premium being due on February 27, 1927. In addition to the above-mentioned provisions, the policy contained the following, called "Income Disability Clause":

"Upon receipt by the Company of satisfactory proof that the Insured is totally and permanently disabled as hereinafter defined the Company will

"1. Pay for the Insured all premiums becoming due hereon after the receipt of such

proof and during the continuance of the total and permanent disability of the Insured and will also

"2. Pay to the Insured a Monthly Income for life of 1% of this Policy: The first payment of such income to be paid immediately upon receipt of such proof and subsequent payments to be made on the first day of each month thereafter as long as the Insured shall live and be totally and permanently disabled as hereinafter defined and

"3. In addition to the payment of premiums and a Life Income as above set forth the Company, in accordance with the terms of the policy, will pay the full face of this policy, together with all additions thereto, upon receipt of due proof of the death of the Insured, and the premiums and Life Income paid by the Company in conformity with this provision will not be an indebtedness on this policy, and the values in the tables herein will increase and progress from year to year, and this policy will be credited with dividends from the surplus, in like manner as if the premiums were being duly and regularly paid by the Insured.

"To entitle the Insured to the above Total and Permanent Disability Benefits this policy at the time of making claim for such benefits must be in full force and all premiums becoming due prior to the time of making claim must have been duly paid by the Insured, and the Total and Permanent Disability of the Insured must be due to bodily injuries or disease occurring while this Policy is in full force, and before the Insured shall have attained the age of sixty years, and must be such as to prevent the Insured then and at all times thereafter from performing any work or conducting any business for compensation or profit; provided that, notwithstanding proof of disability may have been accepted by the Company as satisfactory, the Insured shall at any time, on demand, furnish the Company satisfactory proof of the continuance of such disability, and if such proof is not furnished, or if it shall appear to the Company that the Insured is able to perform any work, or to conduct any business for compensation or profit, then the Company shall cease to pay or allow the above benefits and the Insured shall immediately resume the payment of premiums hereon."

The appellees asserted claims based on the above set out provision. It appeared that the last premium paid by or for the insured was the quarterly one due May 27, 1927, and that the insured died in April, 1929. The claims that appellant became liable to pay to the insured a monthly income of $50, beginning September 1, 1927, and continuing so long as he lived, and to pay the amount of the face of the policy to the beneficiary, were based on allegations to the effect that, during the spring and summer of the year 1927, and prior to September 27, 1927, while the policy was in full force and effect, all premiums having been paid when due, the insurer became totally and permanently disabled as a result of a disease occurring while the policy was in full force and effect, which disease was such as to prevent the insured then and at all times thereafter until his death from performing any work or conducting any business for compensation or profit. Pleading duly raised the questions whether the appellant did or did not incur the liability asserted if the insured did not, before the expiration of the thirty days allowed for the payment of the unpaid quarterly premium which was due August 27, 1927, make claim for the benefits stipulated for by the above set out provision and furnish to appellant satisfactory proof that the insured was totally and permanently disabled as defined in that provision.

Evidence adduced in the trial showed that at the time the policy was issued the insured was appellant's district manager at Plainview, Tex., his duties being to solicit and write life insurance for the appellant, to employ agents, to look after the appellant's business and build it up in that part of Texas; that the insured held that position throughout the year 1927, and during the summer and fall of that year and until after the expiration of it, engaged in correspondence in reference to the business of such agency with Thomas A. Stamp, the state manager for Texas of the appellant, who was located at Dallas, Tex.; that in the course of that correspondence, and also in letters written during that time by the insured's wife to Mr. Stamp, mention was made of the fact that the insured was or had been sick and unable to work, but there was no statement or suggestion in that correspondence that the insured was totally and permanently disabled as defined in the above set out provision. In the trial there was testimony tending to prove that the insured was totally and permanently disabled prior to September 27, 1927, and that such disability continued until his death. There was no evidence tending to prove the making of any claim for the benefits stipulated for in the above set out provision prior to the date of the following

letter written by the insured's wife, the beneficiary:

"Plainview, Texas, April 5, 1928.
"Mr. Thomas A. Stamp, Dallas, Texas.

"Dear Mr. Stamp: I am just wondering if Oscar can not collect on the disability part of his policy. I tried to get him to make a claim last summer but he would not because he believed it would permanently bar him from taking out any more life insurance, if he collected on a disability clause.

"He was disabled for a good deal longer than three months and from what the doctors say it could easily be called disability from the time of his trouble last year.

"I talked to Oscar about it and he is of the opinion that he is entitled to it.

"I do know he has not been able to work for a long time. He was in bed for about two months last year and for two or three months he was up and down. He would walk down town and back and be almost exhausted. The doctor told him all along not to work, but he felt that he had to and would attempt it, but without success as you know.

"It has been discouraging to me at times but I have tried to be patient for I knew he was not well.

"Please let me know if he is entitled to any benefits, for we surely are in need of money.

"This long spell of sickness is what kept us from being able to pay the last premium, however, it began several months previous to the time the premium was due.

"Thanking you for any advice you may offer, I am,
"Yours truly,
"Mrs. C. O. Bergholm."

Upon the conclusion of the evidence, the court, at the request of the plaintiff, instructed the jury to return a verdict in favor of the plaintiff.

The above set out provision had the effect of creating an exception to the requirements of the policy as to paying premiums within the time allowed in order to keep the policy in force. That provision described the event or contingency upon the happening of which the policy could be kept in force without continuing the payment of the stipulated premiums within the time allowed, and stated what was required to be done to entitle the insured to the total and permanent disability benefits stipulated for. Explicit language of that provision negatives the conclusion that the appellant consented that the fact of the insured becoming totally and permanently disabled as defined in that provision should have the effect of keeping the policy in force without the continued payment of the stipulated premiums within the time allowed by other provisions of the policy, and of entitling the insured to the stated total and permanent disability benefits, without the insured, while the policy is in full force, and before the expiration of the time allowed for the payment of any unpaid premium, making claim for such benefits and furnishing to the appellant proof that the insured is totally and permanently disabled as defined in that provision. The language of that provision makes the making of such claim by the insured and the receipt of such proof by the appellant, while the policy is in full force and before there is a failure to pay any premiums within the time allowed by other provisions of the policy, conditions precedent to the insured becoming entitled to the stated total and permanent disability benefits. The obligation of the appellant to accord to the insured the stated total and permanent disability benefits being purely contractual, the insured could not become entitled to those benefits without doing what the contract required to be done to entitle him thereto. The provision now in question plainly evidences the absence of appellant's consent that the policy remain in force without the continued payment of premiums within the time allowed by other provisions of the policy, and without appellant, before there is a failure to pay a premium within the time allowed, being apprised of a claim by the insured that he is entitled to the stated total and permanent disability benefits, and receiving proof that the insured is so disabled. Without a compliance with the prescribed requirements, the appellant would be deprived of a stipulated for opportunity of being informed whether an authorized excuse for a failure to pay premiums within the time allowed did or did not exist before that time expired, and of determining, within a reasonable time after the receipt by it in accordance with that provision of proof that the insured is totally and permanently disabled, whether that proof is or is not satisfactory. It reasonably might be expected that an insurer of lives would not consent to a policy remaining in force without the continued payment of premiums, because of the insured becoming totally and permanently disabled after the policy takes effect, without stipulating for being informed, before there is a failure to pay any premium within the time allowed, of a claim that the insured is so disabled, and for being furnished proof satisfactory to itself of the existence of such

·disability. Where a life insurance policy provides for an exception to the requirement that premiums be paid within prescribed times in order to keep the policy in force, the rights of the insured and the beneficiary under the policy are forfeited by a failure to pay any premium within the time allowed by provisions on that subject, except in so far as the policy provides for the insurer continuing to be liable notwithstanding a discontinuance of the payment of premiums. New England Mut. Life Ins. Co. v. Reynolds, 217 Ala. 307, 116 So. 151, 59 A. L. R. 1075; Pilot Life Ins. Co. v. Owen (C. C. A.) 31 F.(2d) 862.

Instead of undisputed evidence showing that the discontinuance of the payment of premiums was in such circumstance as to bring the failure to pay premiums within the exception stipulated for in the above set out provision of the policy, there was, as appears from the above statement, evidence persuasively indicating that, before the expiration of the time allowed for the insured claiming that he was entitled to the stated total and permanent disability benefits and furnishing to appellant proof of the existence of such disability, the insured elected not to claim that he was entitled to such benefits and not to furnish to appellant proof of the existence of such disability; in other words, elected not to do what the policy required him to do to become entitled to such benefits. As undisputed evidence showed that premiums were not paid within the time allowed, and there was evidence tending to prove that the insured did not do what the policy required to make the insurer subject to the liability asserted by this suit, the court erred in giving to the jury the above-mentioned instruction.

Where a life insurance policy provides for a forfeiture of the insurance in case of a failure to pay premium, and one claiming under the policy does not show that his claim is within any exception to the requirement that premiums be paid within the time allowed, disability of the insured at the time of the default in the payment of premium does not avoid the forfeiture. Klein v. N. Y. Life Ins. Co., 104 U. S. 88, 26 L. Ed. 662; Thompson v. Knickerbocker Life Ins. Co., 104 U. S. 252, 26 L. Ed. 765; New York Life Ins. Co. v. Alexander, 122 Miss. 813, 85 So. 93, 15 A. L. R. 314, and note.

Because of the above-mentioned error, the judgment is reversed, and the cause is remanded for a new trial.

Reversed.