**LYDON et al. v. NEW YORK LIFE INS. CO.**

**No. 10660.**

Circuit Court of Appeals, Eighth Circuit.

March 25, 1937.

Richard D. Shewmaker and John M. Holmes, both of St. Louis, Mo. (Thompson, Mitchell, Thompson & Young, of St. Louis, Mo., on the brief), for appellants.

William H. Becker, of Columbia, Mo. (Boyle G. Clark, James E. Boggs, and Paul M. Peterson, all of Columbia, Mo., on the brief), for appellee.

Before STONE, SANBORN, and VAN VALKENBURGH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

This is a suit by the executors of Thomas F. Lydon, deceased, to recover under the permanent disability and waiver of premium provisions of a life insurance policy issued by appellee. The death benefits, in the sum of $25,000, have been paid and received without prejudice to this suit. The case was tried to the court upon an agreed statement of facts, which, in so far as essential to the disposition of this appeal, are in substance as follows:

The policy in question was executed and delivered to decedent by appellee, a New York corporation, February 19, 1926. It agreed to pay to Alice Stanley Lydon, wife, and the Mercantile Trust Company of St. Louis, Mo., designated beneficiaries, the sum of $25,000 in case of natural death, and $50,000 in case of death from accident as defined therein. The annual premium was $1,361.75. It also contained total and permanent disability provisions as follows:

"Disability shall be considered total whenever the Insured is so disabled by bodily injury or disease that he is wholly prevented from performing any work, from following any occupation, or from engag-

ing in any business for remuneration or profit, provided such disability occurred after the insurance under this policy took effect and before the anniversary of the policy on which the Insured's age at nearest birthday is sixty.

"Upon receipt at the Company's Home Office, before default in payment of premium, of due proof that the insured is totally disabled as above defined, and will be continuously so totally disabled for life, or if the proof submitted is not conclusive as to the permanency of such disability, but establishes that the Insured is, and for a period of not less than three consecutive months immediately preceding receipt of proof has been, totally disabled as above defined, the following benefits will be granted:

"(a) Waiver of Premium.—The Company will waive the payment of any premium falling due during the period of continuous total disability, the premium waived to be the annual, semi-annual or quarterly premium according to the mode of payment in effect when disability occurred.

"(b) Income Payments.—The Company will pay to the Insured the monthly income stated on the first page hereof ($10 per $1,000 of the face of this policy) for each completed month from the commencement of and during the period of continuous total disability. If disability results from insanity, payment will be made to the beneficiary in lieu of the Insured.

"In event of default in payment of premium after the Insured has become totally disabled as above defined, the policy will be restored and the benefits shall be the same as if said default had not occurred, provided due proof that the Insured is and has been continuously from date of default so totally disabled and that such disability will continue for life or has continued for a period of not less than three consecutive months, is received by the Company not later than six months after said default."

Deceased paid to appellee the annual premiums for the years 1926 to 1932, inclusive. Again, February 19, 1933, he paid the premium for that year, by cash and application of accrued dividends. December 23, 1932, insured became totally disabled within the terms of the policy, and this disability continued from that date until his death June 4, 1933. At the time he made the premium payment, February 19, 1933, he had not been advised by his attending physician that he was in a serious condition, and he did not "believe that he would continue to be totally disabled or that he would die, but, on the contrary, thought that he would shortly be able to return to his normal duties at his office"; at the time defendant received this premium, it had no knowledge of the illness of insured. During his illness insured did not notify appellee thereof, nor make any claim that he was entitled to total and permanent disability benefits. Concurrently with submission of proofs of death appellants notified appellee by letter, asserting a claim for disability benefits, and, on August 10, 1933, requested forms of disability proof, which appellee declined to furnish. Thereafter appellees, on November 10, 1933, made proof, recognized by the agreed statement of facts, that the insured was totally disabled from December 23, 1932, until his death June 4, 1933. On February 19, 1926, deceased was fifty years of age.

The case was tried to the court. Appellants moved for judgment in their favor, which was overruled. The court took the case under advisement, and subsequently entered judgment for appellee. This appeal followed.

The items sought to be recovered, as stated in the first count of the petition filed, were the February, 1933 premium of $1,361.75, and disability benefits for six months at $250 per month, a total of $2,861.75. To this was added a prayer for 10 per cent. of the above amount as damages for vexatious delay, for a reasonable attorney's fee, and for costs.

The decision in Missouri State Life Insurance Company v. Jones, 290 U.S. 199, 54 S.Ct. 133, 78 L.Ed. 267, would seem to sustain the jurisdiction of the District Court in this case, and the jurisdiction is conceded. The position of appellee is thus succinctly stated:

"1. The receipt of due proof in the lifetime of the insured is a condition precedent to liability for total disability benefits and waiver of premiums.

"2. In no event are appellants entitled to recover the premium paid, (a) because the giving of proof of disability while the disability exists is a condition precedent to the waiver of premiums; (b) because there is no provision in the policy obligating the company to return premiums paid before proof of disability; (c) because there was no mutual mistake of fact which would jus-

tify its recovery in assumpsit; (d) because there was no compulsion and (e) because money voluntarily paid may not be recovered, even though there is no obligation to pay."

Appellants contend that the policy cannot be construed to mean that the company's liability under the disability provision terminated upon the death of the insured without having made proof of disability during his life and prior to accrual of benefits; that, even if so construed, the policy contains no express provision declaring a forfeiture in such case, and such insurance will not be forfeited for failure of strict compliance; that the agreement to waive the payment of premiums during the period of total disability included an obligation to refund one paid under the circumstances of this case; and that payment is recoverable as made under a mistake of fact. The cases cited are not entirely harmonious, and depend largely upon the varying facts presented. Both parties cite Bergholm v. Peoria Life Insurance Company, 284 U.S. 489, 52 S.Ct. 230, 76 L.Ed. 416, and counsel for appellee rely strongly upon it to support their contentions. The Supreme Court granted certiorari in that case to the Circuit Court of Appeals of the Fifth Circuit because of a supposed conflict in its decision [50 F.(2d) 67] with that of this court in Minnesota Mutual Life Ins. Co. v. Marshall, 29 F.(2d) 977. In the latter case this court held that the terms of the policy therein required a waiver of payment of premiums where the insured became totally and permanently disabled during the grace period, when payment of premiums might still be made, notwithstanding that proof of disability was not made before termination of the grace period. In the Bergholm Case [50 F.(2d) supra] the Circuit Court of Appeals for the Fifth Circuit, upon the terms of the policy under its consideration, held that both claim by the insured and receipt of proof by the insurer were conditions precedent to the insured's becoming entitled to disability benefits, and that the failure of insured to make claim for such benefits during the life of the policy prevented recovery thereon by the beneficiary after death of insured. The decision of the Fifth Circuit was sustained by the Supreme Court (284 U.S. supra). The disability clauses in that policy were the following:

"Upon receipt by the Company of satisfactory proof that the Insured is totally and permanently disabled as hereinafter defined the Company will

"1. Pay for the Insured all premiums becoming due hereon after the receipt of such proof and during the continuance of the total and permanent disability of the Insured and will also

"2. Pay to the Insured a Monthly Income for life of 1% of this Policy; The first payment of such income to be paid immediately upon receipt of such proof. * * *

"3. To entitle the Insured to the above Total and Permanent Disability Benefits this policy at the time of making claim for such benefits must be in full force and all premiums becoming due prior to the time of making claim must have been duly paid."

While there was evidence in that record from which it might be found that the insured was totally and permanently disabled from a time before the premiums first became in arrears, and that this continued until death, no proof was furnished to the company; and the court held that, under the terms of that policy, the receipt of such proof by the insurer was a condition precedent to assumption of liability for payment of premiums becoming due after the receipt of proof; that, long prior to the death of insured, the policy had lapsed.

The Supreme Court did not hold against the ruling of this court in the Marshall Case, supra, as is evidenced by the following language in its opinion (284 U.S. 489, loc. cit. 491, 492, 52 S.Ct. 230, 231, 76 L.Ed. 416):

"The pertinent provisions of the policy there, however, differ from those found in the policy here under consideration. There the policy provided that if the insured, while the policy is in force and before default in payment of premiums, 'shall become totally and permanently disabled * * * and shall furnish satisfactory proof thereof, the Company will waive the payment of premiums thereafter becoming due,' and that 'upon the receipt of due proof of total and permanent disabilities * * * the Company will waive the payment of all premiums thereafter becoming due.' The court held that the waiver took effect at the time of the disability and did not depend upon the time when proof thereof was furnished.

"We do not need to controvert this construction of the words quoted, or question the soundness of the view of the court that

the existence of the disability before the premium became in arrears, standing alone, was enough to create the waiver. In that view, the obligation to furnish proof was no part of the condition precedent to the waiver; but such proof might be furnished within a reasonable time thereafter. Here the obligation of the company does not rest upon the existence of the disability; but it is the receipt by the company of proof of the disability which is definitely made a condition precedent to an assumption by it of payment of the premiums becoming due after the receipt of such proof."

It is thus clearly pointed out that whether it may be the existence of the disability or the furnishing of proof within a specified time, or at a specified stage, as a condition precedent to the granting of disability benefits, depends upon the proper construction of the language employed in policy provisions. It will be observed that in the Bergholm Case it is expressly provided that only all premiums becoming due *after* the receipt of proof will be paid by the company, and that the first payment of monthly income will be paid *upon receipt* of such proof. Substantially similar policy provisions are found in Orr v. Mutual Life Ins. Co. (C.C.A.8) 64 F.(2d) 561, and in Johnson v. Mutual Life Ins. Co. (C.C.A.4) 70 F.(2d) 41. In the latter case there was default in payment of premiums, before proof of total and permanent disability required as a condition precedent to waiver of premiums. And in Brams v. New York Life Ins. Co., 299 Pa. 11, 148 A. 855, the policy had lapsed for failure to pay premiums, and the insured had failed to excuse the default by proof of disability within the time limited in the policy. In our judgment, all the cases above cited may readily be distinguished from the case here under consideration.

Deceased was under the age of sixty years and had never defaulted in premium payments. Proof of total disability continuously between December 23, 1932, and June 4, 1933, the date of his death, is acknowledged in the agreed statement of facts. Instead of limiting disability payments and waivers to periods after the receipt of proof of disability, the company engages to waive the payment of *any* premium falling due *during the period of continuous disability,* and to pay the monthly disability income for each completed month *from the commencement of and during the period of continuous total disability.* No specific limitation is placed upon the time within which proof must be furnished except "in event of default in the payment of premium after the insured has become totally disabled," an event which did not occur in this instance. The premium in this case was an annual premium, was paid on its due date, February 19, 1933, and no other payment would have been due until the following February. This clause, which agrees to restore the policy after default, and that the benefits should be the same as if said default had not occurred, provided due proof was furnished, as therein stated, not later than six months after said default, supports in some measure a liberal construction of these policy terms.

Sufficiently prompt proofs of death were submitted to the company by appellants who were executors of decedent's estate as well as trustee beneficiaries in the policy, and appellee was concurrently notified by letter that disability benefits were claimed. August 10, 1933, appellants, by letter, requested appellee to furnish forms for disability proof. In reply thereto, appellee declined to furnish such forms. Thereupon, before the bringing of this suit, proof of continuous total disability within the period stated was furnished and is acknowledged in the agreed statement of facts to constitute such proof. In the absence of any statement in the policy of a time for furnishing proofs, which could be construed as a condition precedent to the waiver of premiums, or the granting of disability income benefits, we are of opinion that this defense to the action cannot be sustained; and that, at least, an ambiguity exists, in which case a construction most favorable to the insured will be adopted. Bergholm v. Peoria Life Ins. Co., supra; Mutual Life Ins. Co. v. Hurni Packing Co., 263 U.S. 167, 174, 44 S.Ct. 90, 68 L.Ed. 235, 31 A.L.R. 102; Stipcich v. Metropolitan Life Ins. Co., 277 U.S. 311, 48 S.Ct. 512, 72 L.Ed. 895; Brams v. New York Life Ins. Co., 299 Pa. 11, 148 A. 855. That a beneficiary may give notice and succeed to disability benefits after the death of the insured under the terms of this policy is held in McColgan v. New York Life Ins. Co., 36 Ohio App. 123, 172 N.E. 849. In this case appellants sue as executors of the estate and are also the named beneficiaries. The view we express has been adopted in many state decisions, among them that of the St. Louis Court of Appeals of Missouri in Stahl v. American Nat. Assur. Co., 70 S.W.(2d) 78, 81, in which this pertinent language is used:

"It is also not amiss to mention that, if the actual intention was otherwise, that is, to make the waiver of premiums date only from the time of the furnishing of the proof of disability, then it would have been a very easy matter for the draftsman, with the great wealth of the English language at his disposal, to have so expressed the contract as to have left no room for doubt about what was intended."

As already shown by citations above, other insurance companies have so expressed their contract purposes in terms not uncertain. To this same effect compare Hablutzel v. Home Life Ins. Co., 332 Mo. 920, 59 S.W.(2d) 639. In some cited decisions, in which the contention of appellee that notice of disability and receipt of due proof in the lifetime of the assured is a condition precedent to liability for total disability benefits and waiver of premiums, the argument is predicated upon the language of policies that such proof must establish that "the insured is and for a period of not less than (blank) months *immediately* preceding receipt of proof *has been* totally ·disabled," etc. Kasarsky v. New York Life Ins. Co. (City Court N. Y.) 145 Misc. 732, 260 N.Y.S. 769; Yohalem v. Columbian Nat. Life Ins. Co. (City Court N. Y.) 136 Misc. 748, 240 N.Y.S. 666. We think this is too narrow and limited a construction of the tense used in these provisions. Inasmuch as claims under disability provisions ordinarily arise during the life of the insured, and are usually distinct in time from death benefits, the language employed would comport more naturally with the ordinary situations presented, but would not necessarily affect nor control such conditions as are here present. Of course, it must be shown that continuous total disability existed without substantial intervening periods of recovery. Otherwise, opportunity for investigation during the disability period must be afforded the insurer. Such are situations of attempt to claim disability benefits, long after recovery, without making proof within the period prescribed by the policy under the clause permitting restoration after default, as in Johnson v. Mutual Life Ins. Co. (C.C.A.4) 70 F.(2d) 41, 44. It was there held that:

"The *right of reinstatement* is obviously not intended to survive the death of the insured. The requirement of proof of disability before default, contained in the disability benefits section 3, is designed to afford the company an opportunity for investigation during the lifetime of the insured,

and thus protect itself against fraudulent claims after death that the insured had become totally and permanently disabled before the default occurred. The requirement is relaxed by the supplementary provision if, during the life of the insured, due proof is received by the company that the insured was disabled when the premium in default fell due; under such circumstances a reasonable opportunity for investigation still exists." (Italics supplied.)

In the case before us there was no default, no reinstatement needed or asked, and the disability was continuous up to the death of the insured. Immediate notice is uniformly construed to mean within a reasonable time. McFarland v. United States Mutual Acc. Ass'n, 124 Mo. 204, 27 S.W. 436. Certainly the notice and claim were so given and preferred under the circumstances here shown. Counsel for appellee, however, insist that the premium paid February 19, 1933, cannot in any event be recovered even though there was no obligation to pay it, and cite the decision of this court in New York Life Ins. Co. v. Talley, 72 F.(2d) 715. In our judgment that decision gives little, if any, support to appellee. Of course, in the instant case it was the duty of the insured to pay the February, 1933, premium to prevent default and possible forfeiture of his policy. The agreed statement of facts concedes that, on the date the premium was paid, Lydon had no knowledge that he was in a serious condition, had not been so advised, and expected shortly to return to his normal duties. This court, speaking through Judge Booth, said:

"Ordinarily, payments made under a mistake of fact and which the payor was under no legal obligation to make may be recovered back." New York Life Ins. Co. v. Talley (C.C.A.) 72 F.(2d) 715, loc. cit. 719.

It is true that the payment there involved was for a premium which had accrued after the existence of disability had been established, but the company was insisting that sufficient recovery had been made to justify resumption of premium payments. The rule announced in the Talley Case, cited, in support, the text in 48 C.J. 759, par. 318; a text based upon an impressive citation of uniform decisions, state and national. The application of this principle is fortified in the instant case by the broad terms of the policy provision. It is true that the term "waive" generally

applics to premiums unpaid, as they fall due, rather than to such as have already received payment; but we are impressed by the evident purpose and effect of the provisions of this policy to make title to benefits depend upon existence of disability rather than receipt of proof as a condition precedent; and the engagement to waive *any* premium falling due during the period of continuous total disability, together with the omission of the words "thereafter falling due," generally employed, seems to us in this respect to stamp this policy, at least, with manifest ambiguity, if not with an affirmative enforceable obligation.

In resolving the issues for appellants, we do not find appellee has so vexatiously delayed payment as to justify the imposition of damages therefor. Its defense was interposed in good faith, and should not be penalized.

Inasmuch as the trial was upon an agreed statement of facts, the judgment must be reversed and the cause remanded to the District Court with direction to enter judgment in favor of appellants for the amount of the premium sued for and of the disability income benefits accruing under the terms of the policy, together with interest and costs, in accordance with the views herein expressed. It is so ordered.