GENERAL AMERICAN LIFE INSURANCE COMPANY *v.* BONNIE B. DAY.

No. 7062. Decided May 18, 1938.
(116 S. W., 2d Series, 697.)

*S. C. Wroe,* of Fort Worth, for plaintiff in error General American Life Insurance Company.

*John D. McComb,* of Jacksboro, and *Hampden Spiller,* of Fort Worth, for defendant in error Bonnie B. Day.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This suit was brought by Mrs. Bonnie B. Day, widow of Travis E. Day, deceased, against the plaintiff in error, General American Life Insurance Company, on two policies of life insurance issued by the Missouri State Life Insurance Company to the insured, Travis E. Day, who died March 22, 1932. One of the policies, being numbered 71371, was for $1000, and the other, being numbered 51381, was for $2000. Both were of the class known as participating policies. The plaintiff in error, the General American Life Insurance Company, is the successor of the Missouri State Life Insurance Company so far as the said two policies are concerned. An anniversary date of policy No. 71371 was May 21, 1931, on which date an annual premium amounting to $36.76 became payable in advance. On the same date, the sum of $32.45 interest on a policy loan of $540.84, against the policy, became payable in advance. Neither the said premium nor said interest was ever paid by the insured. On said date, the indebtedness of $540.84 due by the insured to the Company on said policy equaled the cash value of the policy, including net value of additions under the terms and conditions of the policy. On said date, the insurance company duly mailed a written notice to Day, notifying the latter that the sum of $32.45 interest on the policy loan became payable on that date, and that inasmuch as the loan "equals the present available cash value the policy will be void in accordance with its terms, unless the interest is paid within thirty-one days from the due date appearing on this notice."

There was a policy loan amounting to the sum of $1276.96

against policy No. 51381. On April 3, 1921, the sum of $76.44 interest became payable in advance on said loan. This sum was never paid by Day, the insured. On said date, the said policy loan equaled the cash value of the policy, including net value of additions under the terms and conditions of the policy. On said date, the company mailed a written notice to Day in regard to said $76.44 interest, which written notice was in all material respects the same as in the other case hereinabove described. Mrs. Day recovered judgment in the trial court for the amount of both policies, less the amount of the policy loans. The company appealed, claiming that the policies lapsed because of the nonpayment of said interest installments within the prescribed time. The defendant in error, Mrs. Day, contended in the Court of Civil Appeals that said policies did not lapse, because of the nonpayment of said respective installments of interest, for the reason that in each case there became payable, on the due date of the interest installment, a dividend which the company was under duty to apply to the interest installment. In each instance the amount of the dividend was in due time paid to the insured. The provisions of both policies respecting policy loans and dividends are in all respects the same. Discussing these provisions, the Court of Civil Appeals held in effect that the Company had no right and was under no duty to apply the dividends to the interest installments. (See Opinion of the Court of Civil Appeals, 89 S. W. (2d) 1012.) This holding has been approved by this Court by the refusal of Mrs. Day's application for writ of error. Basing its action on said holding, the Court of Civil Appeals reversed the judgment of the trial court in respect to policy No. 51381 and rendered judgment for the company. But, as to policy No. 71371, said court reversed the judgment of the trial court and remanded the cause on the ground that the trial court erred in sustaining the company's exception to the following averments contained in plaintiff's petition:

"That prior to May 21, 1921, and while all premiums on said policy [meaning policy No. 71371] were fully paid, the insured became totally and permanently disabled from disease and at a time before he attained the age of 65 years, and that thereafter he remained totally disabled so that he could not pursue any gainful occupation up to the time of his death, which occurred March 22, 1932, and that under the terms of said policy the company was obligated to pay premiums due thereon after such disability * * *. The plaintiff would further show that prior to May 21, 1931, the Missouri State Life Insurance Company had full notice and knowledge of the fact that the insured, under said policy No. 71371, was wholly disabled so that he could not

pursue any gainful occupation and that such condition of the insured was permanent."

Said policy contains the following provisions, upon which the foregoing pleading is based:

### "TOTAL AND PERMANENT DISABILITY CLAUSE.

"The Company will pay for the Insured the premium required hereon for every policy year following the date of approval by the Company of proof that the Insured has become totally and permanently disabled as hereinafter defined, if such proof is received by the Company before the Insured has attained the age of sixty years and if premiums have been duly paid by the Insured to the end of the policy year in which such proof is approved. The premiums paid by the Company in conformity with this provision will not be an indebtedness hereon, and this policy will continue in full force towards maturity, sharing in the profits of the Company among policies of its class, and with loan, cash and other guaranteed values increasing and progressing from year to year, in like manner as if the premiums were being duly and regularly paid by the Insured. The total and permanent disability of the insured must be due to bodily injuries or disease, occurring while this policy is in full force, and must be such as to prevent the Insured then and at all times thereafter from engaging in any gainful occupation; provided, that if at any time after approval by the Company of the aforesaid proof, the Insured should recover so as to be able to engage in any gainful occupation, the Company's obligation to pay further premiums shall cease and the Insured be required to pay all premiums becoming due hereon after the date of such recovery. The irrecoverable loss of the entire sight of both eyes or the total and permanent loss, by removal or by disease, of the use of both hands, or of both feet, or such loss of the use of one hand and of one foot, will also be deemed total and permanent disability within the meaning of this provision."

It is seen that these policy provisions do not even remotely suggest or imply any obligation on the part of the company to pay interest on the policy loan. Even should it be conceded that the allegations of the plaintiff's petition, taken in connection with the above policy provisions, show an obligation on the part of the company to pay premiums, still this would not excuse the nonpayment of interest by the insured.

In the respect that the cause is remanded as to policy No. 71371, the judgment of the Court of Civil Appeals is reversed and judgment is here rendered for the Insurance Company.

In all other respects, the judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court May 18, 1938.