**RIO GRANDE NAT. LIFE INS. CO. v. BAILEY.**

No. 2131.

Court of Civil Appeals of Texas. Eastland.
April 18, 1941.

Read, Lowrance & Bates, of Dallas, for appellant.

Scarborough, Yates & Scarborough, of Abilene, for appellee.

GRISSOM, Justice.

Thelma M. Bailey sued the Rio Grande National Life Insurance Company on an insurance policy issued by it on the life of her husband, Claude H. Bailey, deceased. Judgment was rendered on a jury's verdict for plaintiff for $394.96. Defendant has appealed.

The judgment includes $50, found by the jury to be a reasonable attorney's fee, and 12% penalty. In addition to the amount of attorney's fee the jury found (1) that Bailey sustained violent, external, accidental injuries on March 7, 1940; (2) that said injuries were the sole cause of his death, and (4) that the premiums on the policy sued upon had been paid to March 11, 1940.

The policy sued upon provided, in a paragraph headed "Schedule", for payment subject to the terms of the policy, to Thelma M. Bailey, wife of Claude H. Bailey, of $154, stated as being the "amount payable in event of death." Said Schedule further gave the number of the policy, age of the insured as 35, and provided for a weekly premium of 10 cents. The policy was dated January 30, 1939. The second paragraph provided as follows: "Double Indemnity. Upon receipt of satisfactory proof that the Insured, prior to the attainment of age 70, has sustained bodily injury solely through external, violent and accidental means, occurring after the date of this policy and resulting in the death of the Insured within ninety days from the date of such bodily injury, while this policy is in force, and with no premium more than four weeks in arrears, the Company will

pay in addition to any other sums due under this policy, a sum equal to the amount of insurance then payable in the event of death according to the above schedule."

The third paragraph referred to "Specific Indemnities" and provided for the payment of a certain percent of the amount payable "in the event of death", for the loss of hands, feet, eyes, etc.

On the second page of the policy, under the heading "Conditions", is found paragraph 6, reading as follows: "If any premium shall not be paid when due, this Policy shall be void except as herein otherwise provided, and it is agreed that this provision shall not be considered in any respect waived by any indulgence granted by the Company in the acceptance of overdue premiums upon this or any other Policy."

Also, on said page, under the heading "Privileges and Concessions to Policy-Holder", is found the further provision: "Grace Period. A grace of four weeks shall be granted for the payment of every premium after the first, during which time the Insurance shall continue in force. If death occur within the days of grace, the overdue premiums shall be deducted from the amount payable hereunder, but neither this concession nor the acceptance of any overdue premiums shall create an obligation on the part of the Company to receive premiums which are in arrears over four weeks."

No other provisions of the policy are pointed out as being, or are considered by us to be, relevant to the questions involved.

Defendant, by its first proposition, contends that since the insurance policy provided it was void and there was no liability if the premiums were more than four weeks in arrears at the time of death of the insured, and since the undisputed evidence, and jury finding, showed the premiums were more than four weeks in arrears at the time of insured's death, the court erred in failing to instruct a verdict for defendant. By its second proposition defendant contends that the policy being unambiguous and expressly providing that if the premiums were more than four weeks in arrears at the time of the death of insured, the policy is void, and the jury having found the premium was more than four weeks in arrears at the time of the death of insured, and the undisputed evidence having so shown, judgment should have been entered for defendant.

In support of said propositions defendant cites, among other authorities, Southland Life Ins. Co. v. Hopkins, Tex.Com. App., 244 S.W. 989; Burns v. American Nat. Ins. Co., Tex.Com.App., 280 S.W. 762; Mrs. Iris Christine Bergholm v. Peoria Life Ins. Co., 284 U.S. 489, 52 S.Ct. 230, 76 L.Ed. 416; Peoria Life Ins. Co. v. Bergholm, 5 Cir., 50 F.2d 67.

■ If the provisions " * * * while this policy is in force, and with no premium more than four weeks in arrears" contained in the heretofore quoted provisions relative to Double Indemnity have reference to the time of death of the assured, defendant's contention should be sustained. However, we think said provisions refer to the subject of the paragraph relating to Double Indemnity; that is, to an accidental injury, which injury, of course, under the provisions of said paragraph, must result in death. Burkheiser v. Mutual Acc. Ass'n, 7 Cir., 61 F. 816, 26 L.R.A. 112. However, if we be mistaken in such conclusion, then we are of the opinion the provisions of said paragraph are ambiguous, and applying the well established rules of construction relative to such a provision in an insurance policy, we conclude the provisions of the paragraph under the heading Double Indemnity "while this policy is in force and with no premium more than four weeks in arrears" must be construed as having reference to the time of the accidental injury, that later caused the death, rather than to the time of assured's death. Potomac Ins. Co. v. Easley, Tex.Civ.App., 293 S.W. 346, affirmed, Tex.Com.App., 1 S.W.2d 263; E. K. Local Ins. Co. v. Lilly, Tex.Civ.App., 1 S.W.2d 490; Canales v. Uvalde Mut. Aid Ass'n, Tex.Civ.App., 12 S.W.2d 1068; Norwood v. Washington Fidelity Nat. Ins. Co., Tex.Civ.App., 16 S.W.2d 842; Home Ben. Ass'n v. Brown, Tex.Civ.App., 16 S.W.2d 834; Central Texas Mut. Life Ass'n v. Beaty, Tex.Civ.App., 20 S.W.2d 836; Federal Life Ins. Co. v. White, Tex.Civ.App., 23 S.W.2d 832; American Fidelity & Cas. Co. v. Williams, Tex.Civ.App., 34 S.W.2d 396; Business Men's Assur. Ass'n v. Read, Tex.Civ.App., 48 S.W.2d 678; Aird v. Aetna Life Ins. Co., D.C., 27 F.Supp. 141, affirmed, 5 Cir., 108 F.2d 136, 125 A.L.R. 1436; Home Ins. Co. v. Springer, Tex.Civ. App., 131 S.W.2d 412; McCaleb v. Continental Cas. Co., 132 Tex. 65, 116 S.W.2d 679; First Texas Prudential Ins. Co. v. Ryan, 125 Tex. 377, 82 S.W.2d 635; National Life Co. v. McKelvey, 131 Tex. 81,

113 S.W.2d 160; General American Life Ins. Co. v. Day, Tex.Civ.App., 89 S.W.2d 1012, modified, 131 Tex. 501, 116 S.W.2d 697; Grand Lodge, etc. v. Adams, Tex. Civ.App., 105 S.W.2d 731, writ dismissed 130 Tex. 360, 107 S.W.2d 355; Ferris v. Southern Underwriters, Tex.Civ.App., 109 S.W.2d 223, writ refused; Southwestern Life Ins. Co. v. Houston, Tex.Civ.App., 121 S.W.2d 619, writ refused. Defendant's first and second propositions are overruled.

■ Defendant's third proposition is to the effect that there was no evidence of probative force that insured died "from bodily injuries (inflicted) solely through external, violent and accidental means", but that the uncontradicted testimony showed insured died from a malignant tumor and, therefore, the court erred in overruling defendant's motion for judgment. After a careful consideration of the evidence, we conclude the verdict of the jury to the effect that deceased sustained violent, external, accidental injuries on March 7, 1940, which were the sole cause of his death about April 27, 1940, finds support in the evidence. Supreme Forest, etc. v. Garcia, Tex.Civ.App., 124 S.W.2d 951; Heckert v. American Cas. Co., Tex. Civ.App., 129 S.W.2d 424.

■ In answer to questions elicited by her counsel, plaintiff testified that at the time deceased was operated Dr. Bailey told her deceased did not have a cancer. Such testimony was objected to as hearsay. Defendant contends such action constitutes reversible error; that it was hearsay and inadmissible and no predicate had been laid for impeaching the testimony of Dr. Bailey. Dr. Bailey had testified as to his treatment of the insured. No question had been asked him with reference to the matters testified to by plaintiff. We understand the well established rule to be that impeaching testimony, with certain exceptions not here applicable, is inadmissible in the absence of a predicate laid for its introduction. Soria v. American Nat. Ins. Co., Tex.Civ.App., 57 S.W.2d 321, writ refused; Booth v. Crosby, Tex.Civ.App., 248 S.W. 417; B. F. Goodrich Rubber Co. v. Valley Plumbing & Supply Co., Tex.Civ.App., 267 S.W. 1036; Acker v. Thompson, Tex.Civ.App., 128 S.W.2d 852; Texas Law on Evidence, McCormick & Ray, 426, et seq; Bradley v. Texas & P. Ry. Co., Tex.Com.App., 1 S.W. 2d 861, 864; Taylor v. Davis, Tex.Civ.App., 234 S.W. 104, 106; Curry v. State, 72 Tex.Cr.R. 463, 162 S.W. 851, 859; Bigham v. Carr, 21 Tex. 142, 147; Southern Pac. Co. v. Henderson, Tex.Civ.App., 208 S.W. 561, 562, writ refused; Parker v. Schrimsher, Tex.Civ.App., 172 S.W. 165, 173. Also, see 39 Tex.Dig., Witnesses, ■

■ Defendant further contends the court erred in permitting a witness to testify as to a reasonable attorney's fee in the case, and in submitting to the jury an issue inquiring what was a reasonable attorney's fee, because the record does not show a statutory demand by the plaintiff for payment of the policy sued on made thirty days before the petition upon which the case was tried was filed, or, briefly stated, that plaintiff failed to show compliance with Art. 4736, R.S., Vernon's Ann. Civ.St. art. 4736, which is a prerequisite to recovery of penalty and attorney's fee. Art. 4736 provides that where a loss occurs and an insurance company is liable therefor and fails to pay the same "within thirty days after demand therefor" such company shall be liable for 12% damages and reasonable attorney's fees. Defendant's contention relative to attorney's fees and penalty has been sustained by the Supreme Court of Texas. That court in Metropolitan Life Ins. Co. v. Wann, 130 Tex. 400, 404, 109 S.W.2d 470, 472, 115 A.L.R. 1301, in an opinion by Judge Hickman, said:

"For another reason the award of penalties and attorney's fees cannot be upheld. *As a condition precedent to the right to recover same a demand must be made 30 days before the filing of the petition upon which the cause is tried,* and that petition must allege the demand. Such demand may be made after the institution of the suit, but must be thereafter set up by an amended petition. The filing of a suit is not a demand within the statute. Mutual Life Ins. Co. v. Ford, 103 Tex. 522, 131 S.W. 406; National Life Ins. Co. v. Mouton, 113 Tex. 224, 252 S.W. 1040; Northwestern Life Assur. Co. v. Sturdevant, 24 Tex.Civ. App. 331, 59 S.W. 61; Universal Life & Accident Ins. Co. v. Ledezma (Tex.Civ. App.) 61 S.W.2d 165; Washington Fidelity Nat. Ins. Co. v. Williams (Tex.Com.App.) 49 S.W.2d 1093.

"The record before us fails to establish a demand followed by a petition seasonably filed in which such demand is set up." (Italics ours)

The Supreme Court in National Life Ins. Co. v. Mouton, 113 Tex. 224, 228, 252 S.W 1040, 1041, said: "A claimant under a

policy of life insurance, in order to recover the damages and attorney's fees provided in such article, is required to make a specific demand for the loss insured against by such policy. The mere filing of a suit to recover on a policy is not a demand within the meaning of said article. It is, however, not necessary to the validity of such a demand that it be made before the institution of a suit, provided the plaintiff, after the expiration of 30 days therefrom as specified in said article, by proper averment, sets up such demand by amended petition. Mutual Life Ins. Co. v. Ford, 103 Tex. 522, 131 S.W. 406; Security Co. v. Hallum [32 Tex.Civ.App. 134], 73 S.W. 554 (writ refused)."

Also, see Mutual Life Ins. Co. v. Ford, 103 Tex. 522, 525, 131 S.W. 406; First Texas Prudential Ins. Co. v. Long, Tex. Com.App., 46 S.W.2d 297, 298; Universal Life & Acc. Ins. Co. v. Ledezma, Tex.Civ. App., 61 S.W.2d 165, 166; American Nat. Life Ins. Co. v. Park, Tex.Civ.App., 55 S.W.2d 1088, 1091, writ refused.

▇ The insured died about April 27. The suit was filed May 24. The evidence tends to show that plaintiff's counsel, by letter dated May 9, demanded payment of the policy. None of these things occurred as much as thirty days prior to the filing of the petition upon which the cause was tried. No amended petition was filed and the case went to trial upon the original petition. Plaintiff did file a supplemental petition on July 16, 1940, wherein she alleged that defendant denied liability on the policy prior to the filing of the suit "and therefore waived all of the requirements in said policy with respect to the furnishing of reports to the defendant and waived all prerequisites with respect to the filing of this suit." At the time plaintiff rested her case she stated to the court that she did so with the exception: "I want to be sure that this is clearly understood about my supplemental pleading in response to where he has set out that we have not filled out the forms as required by him, I want to plead in addition thereto that that was eliminated by the denial of liability; as I understand Mr. Lowrance has agreed that they did deny liability and as I understand that waives our strict compliance with furnishing of the proofs duly filled out." These matters are not applicable to the question of attorney's fees and penalty. American Nat. Ins. Co. v. Park, Tex.Civ.App., 55 S.W.2d 1088, 1091, writ refused; First Texas Prudential

Ins. Co. v. Long, Tex.Com.App., 46 S.W.2d 297, 298. All of the decisions by the Supreme Court hold that the statute authorizing recovery of penalty and attorney's fees upon the failure of the Insurance Company, thirty days after demand, to pay what they owe on a policy is highly penal, and that the provisions thereof must be strictly complied with. As held in the authorities cited, the matters referred to in the supplemental petition and in plaintiff's counsel's statement to the court at the time plaintiff rested are not referable to the thirty days demand, which is a condition precedent to recovery of penalty and attorney's fees. Nor, do we mean to hold that a cause of action therefor can be asserted by supplemental petition. However, if the original petition and the evidence be assumed sufficient allegation and proof of a demand for payment of the policy, there is no proof of a demand thirty days before filing of the petition upon which the cause was tried, as is held requisite by the Supreme Court in the Wann case, supra. The record conclusively shows the contrary.

The judgment is reversed and the cause remanded.