**WESTCHESTER FIRE INS. CO. OF NEW-YORK v. DIXON et al.    (No. 8041.)**

Court of Civil Appeals of Texas. San Antonio.
June 27, 1928.

Rehearing Denied July 27, 1928.

1. **Trial** ⬯350(4)—**Refusal to submit issue whether all articles in list furnished insurer's representative were in house during fire held not error, where loss exceeded policy.**

In suit on policy insuring property situated in dwelling against loss by fire not exceeding $800, refusal to submit issue to jury as to whether all articles embraced in list furnished after fire to insurer's representative were in house at time of fire *held* not error, where loss exceeded $800.

2. **Insurance** ⬯505—**In suit on policy insuring goods in dwelling house, it was immaterial whether goods remained in building after fire.**

In suit on policy insuring property situated in dwelling against loss by fire not exceeding $800, it was immaterial whether goods remained in building after fire or were removed, since recovery could be had only for goods damaged or destroyed.

3. **Trial** ⬯350(4)—**Refusal to submit issue whether any goods were returned to furniture company held not error in suit on fire policy.**

In suit on policy insuring goods situated in dwelling house against loss by fire not exceeding $800, refusal to submit defendant's requested issue as to whether any of goods in house were returned to furniture company *held* not error, since issue to be determined was as to value of damaged and destroyed goods, not as to value of any goods that were not damaged or destroyed.

4. **Insurance** ⬯615, 640(2)—**Insured's failure to protect property from damage after fire merely suspends recovery, and, if not pleaded, is waived.**

Insured's failure, immediately after fire, to protect insured property from further damage and to separate damaged property from the undamaged, in violation of policy, would merely suspend right to recovery, and must be pleaded in abatement, and failure to so plead it waived the defense.

5. **Insurance** ⬯539(5), 612(2), 640(4)—**Failure to prove loss does not bar recovery, but is condition precedent, waived if not pleaded.**

Failure to furnish proof of loss is not a defense barring recovery on fire policy, but a right given to insist upon such proof of loss before suit is brought that abates the suit, and must be presented and decided by the court before trial on merits or is waived.

6. **Trial** ⬯351(5)—**Where court without error submitted all material issues, and findings were supported by evidence, it did not err in refusing requested charges.**

Where court without error submitted all issues to jury that were material, and their findings were supported by evidence, court did not err in refusing requested charges.

Appeal from Bexar County Court at Law No. 1; McCollum Burnett, Judge.

Suit by Myra Dixon and husband against the Westchester Fire Insurance Company of New York. Judgment for the plaintiffs, and the defendant appeals. Affirmed.

Sam K. Hocker, Nelson Lytle, and T. M. West, all of San Antonio, for appellant.
P. H. Long, John Sehorn, and Edwin Sehorn, all of San Antonio, for appellees.

COBBS, J. Appellees brought this suit, in the county court at law No. 1 of Bexar county, against appellant, on a fire insurance policy that insured appellees' household and kitchen furniture against fire loss, in the sum not exceeding $800, which furniture was situated in a dwelling house at 216 Glass avenue, in the city of San Antonio. Appellees alleged that the total value of the property destroyed was $1,222.35.

Appellant answered, first, with a plea in abatement, that the suit was prematurely brought, because no proof of loss was filed, also with general and special exceptions, and that appellees should not recover because this fire was caused by some wrongful or fraudulent act on the part of appellees, who were responsible for the fire and guilty of arson; that the goods were not totally destroyed, and that a part of the goods not destroyed were carried away by appellees; that appellees failed to separate the damaged goods from the undamaged property, which avoided the policy; that appellees were not the sole owners of the property.

The real defense in the case was arson. The case was tried with a jury, to whom were submitted all the real and substantial issues. Those issues, with the jury's answers thereto, are as follows:

"(1) Was any of the property covered by said policy of insurance damaged by said fire? Answer 'Yes' or 'No.' We, the jury, answer 'Yes.'

"(2) If you answer the foregoing question in the affirmative, but not otherwise, then state the actual cash value of such property (a) immediately prior to said fire; (b) immediately after said fire. We, the jury, answer '(a) $850; (b) $50.'

"(3) Was any of the property covered by said policy of insurance, totally destroyed by fire? Answer 'Yes' or 'No.' We, the jury, answer 'Yes.'

"(4) If you answer the foregoing question in the affirmative, but not otherwise, then state the actual cash value of such property, immediately prior to said fire. We, the jury, answer '$800.' "

While the foregoing issues seem to cover the case, still appellant requested the court, as it had a right to do, to submit the following additional issues:

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Was all the furniture described in the list of furniture presented by plaintiff in the house at the time of the fire? Answer 'Yes' or 'No.' If you answer the foregoing question in the negative, then you will answer the following question: What articles of the household furniture were in the house at the time of the fire, and what was the value of such furniture?"

The appellant also asked the following special issue:

"Did the plaintiff, immediately after the fire, protect the property burned from any further damage, and separate the damaged and undamaged personal property and put it in the best possible order? Answer 'Yes' or 'No.'"

The appellant also requested the following issue:

"Did the plaintiff return any property to Alamo Peck Furniture Company? Answer 'Yes' or 'No.' If you answer the foregoing question 'Yes,' then state what articles of the furniture were returned to Alamo Peck Furniture Company and its value."

[1-3] The policy was a contract to pay a direct sum, not exceeding $800, for the property destroyed by fire, which was owned by appellees and situated in their dwelling at the time of the fire. Suppose the jury on this issue should find that not all the articles embraced in the list furnished after the fire to appellant's representative were in the house at the time of the fire. This would not change appellant's liability on the contract of insurance for the entire amount destroyed, provided it did not lessen the value of the insured amount of the goods that were destroyed. What difference whether the goods remained in the building after the fire or were removed? The recovery is only for the damaged or destroyed goods. The same is true in respect to the requested issue as to whether any of the goods in that house were returned to Alamo Peck Furniture Company. The issue to be determined was as to the value of the damaged and destroyed goods, not as to the value of any goods that were not damaged or destroyed.

[4] In respect to the third issue refused by the court, complained of, as to whether plaintiff failed immediately after the fire to protect the property burned from further damage and to separate the damaged from the undamaged; appellant claims that such failure avoided the policy; in other words, forfeited it. In Humphrey v. National Fire Insurance Co. (Tex. Com. App.) 231 S. W. 750, it is held that such a violation of a policy would merely suspend the right to recovery, and, not being a bar to recovery, must be pleaded in abatement, and the failure to so plead in bar waived the defense. It is not shown that the appellees did not separate the property, or that any injury resulted to appellant by any such failure. Phœnix Assurance Co. v. Stenson, 34 Tex. Civ. App. 471, 79 S. W. 866.

[5] The failure to furnish proof of loss is not a defense to bar a recovery, but a right given to insist upon such proof of loss before a suit is brought that abates the suit, and must be presented and decided by the court prior to a trial on its merits or it is waived, and that it was not only filed but was passed upon and overruled. The jury found that appellees furnished proof of the loss, and it is supported by the evidence.

[6] It is apparent from a careful reading of the record, that the court has, without error, submitted all the issues to the jury that were material, and their findings are supported by the evidence. The court did not err in refusing the appellant's requested charges.

Finding no reversible error committed in the trial of this case, the judgment is affirmed.