ÆTNA LIFE INS. CO. v. TIPPS.

No. 3398.

Court of Civil Appeals of Texas. El Paso.

Oct. 29, 1936.

Rehearing Denied Nov. 25, 1936.

Harry P. Lawther and Lawther & Cramer, all of Dallas, for appellant.

White & Yarborough, of Dallas, for appellee.

PELPHREY, Chief Justice.

The Oak Cliff Pharmacy of Dallas, Tex., in September, 1925, took out an insurance policy for its employees under the "Group Plan" with appellant. Among these employees was appellee, who had worked for them many years. The policy contained a provision that:

"If total disability of the insured begin after the date of this policy and before age sixty, and if due proof be furnished the Company after such disability has existed for a period of six months and if such disability presumably will during lifetime prevent the insured from pursuing any occupation for wages or profit, * * * the insured shall be deemed to be totally disabled within the meaning of this policy.

"Upon surrender of this policy and upon receipt at the Home Office of the Company, during the continuance of this policy, of due proof of such total and permanent disability, the Company will waive further payment of premiums for the insurance and will pay to the insured, in lieu of all other benefits, the sum then insured."

On July 1, 1932, appellee was injured, and on February 18, 1935, filed this suit in the district court of Dallas county, seeking to recover the face of the policy, $500 attorney's fee, and 12 per cent. penalty.

On June 26th following he filed an amended petition in which the policy was set out and more specifically alleging the facts showing him to be permanently disabled.

Appellant answered by general demurrer; a general denial; specially denied that appellee was totally and permanently disabled; specially denied that appellee had furnished proof that his disability had existed for a period of six months as provided in the policy; specially denied that appellee had surrendered the policy as required by the policy; and specially alleged that the policy had lapsed for nonpayment of premiums.

In response to special issues the jury found: (1) That appellant had issued the policy sued on to appellee; (2) that the Oak Cliff Pharmacy had paid appellant the premiums on the policy until January, 1935; (3) that appellee became totally disabled after the date of the policy issued to him; (4) that such disability presumably would prevent appellee from pursuing any occupation for wages or profit during his lifetime; (5) that appellee, through his attorney, had made demand upon appellant for blank forms upon which to furnish proof of disability; (6) that appellant failed to furnish such forms; (7) that at the time of such demand, appellee had been disabled for a period of more than six months; (8) that appellant denied liability to appellee under the policy; (9) that such denial was more than thirty days prior to the filing of the original petition; (10) that $500 was a reasonable attorney fee; and (11) that appellee was forty-six years of age.

From a judgment in favor of appellee based upon these findings, this appeal has been perfected.

## Opinion.

Appellant seeks a reversal of the judgment because the court permitted appellee to testify that during the fall of 1932 he wrote to appellant at its home office and that a man representing himself as an agent of appellant came to see him in Oak Cliff and after showing him the letter he had written appellant told him that appellant would pay him nothing; because the trial court, after permitting the introduction of such testimony, refused to permit appellant to withdraw its announcement of ready and continue the case on the ground that appellant had been surprised by such testimony; because appellee had introduced no evidence that he had made due proof of his permanent disability and that same had existed for a period of six months; because the court improperly submitted the issue as to a denial of liability of appellant; because the finding of the jury in answer to such issue was not warranted by the credible evidence; because several issues as to uncontroverted facts were submitted; and because the finding on the question of attorney fees was contrary to the undisputed facts.

The only exception taken to appellee's testimony about the writing of the letter and the visit from the purported agent was that it had not been shown that the man was connected with appellant. The fact that the purported agent had denied liability for appellant was brought out on cross-examination and not objected to.

■ Appellee's testimony shows that he wrote a letter to appellant at its home office, and that a short while later a man with that letter in his possession came to his home, and after telling him that he represented appellant, denied liability on the policy for appellant.

These circumstances are certainly sufficient to establish the agency of the man, and therefore the admission of the evidence furnishes no basis for a reversal of the judgment.

■ Counsel for appellant was permitted to testify that he had received a photostatic copy of the entire file relative to appellee's claim and that it contained no such letter as that claimed to have been written by appellee in the fall of 1932.

The evidence, while it may be in a measure hearsay, certainly brought out all the facts relative to the purported letter which appellant could have developed if it had been granted a continuance. We find no error in the court's action in refusing the continuance under the facts before us.

Appellant, at the conclusion of the evidence, requested the trial court to instruct the jury to return a verdict in its favor on the ground that appellee had never made due proof of his disability, and makes the court's refusal the basis for one of its assignments of error.

It is undisputed that appellee's attorney wrote appellant two letters, one on October 26, 1934, and another on December 26, 1934, advising it that appellee had been injured on July 1, 1932, and that such injuries had resulted in total permanent disability.

Appellee, in his amended petition, alleged that he had furnished due proof of his disability in compliance with the terms of the policy and, in addition, that his attorneys had written the letter of October 26th; that appellant had received it and had refused to either answer it or furnish the requested forms for proof of disability; and that by so doing had waived the right to demand further proofs.

■ Appellee here counters with the contention that the letter of October 26th, in the absence of a definition of the term "due proof" in the policy, was sufficient proof, and especially where appellant remained silent after a request for forms, and that appellant's action in remaining silent after receiving the two letters supported the finding of the jury that appellant had denied liability under the policy and thereby waived the furnishing of further proofs of disability.

With both contentions we agree. The letter of October 26th advised appellant of the date of appellee's injury; that such injury had resulted in total permanent disability, and revealed the fact that such disability had continued for a period of more than two years, which would certainly indicate that it presumably would during appellee's lifetime prevent him from pursuing any occupation for wages or profit.

■ This conclusion has not been reached without difficulty, but as said by Walthall, J., in American National Insurance Co. v. Callahan (Tex.Civ.App.) 51 S.W.

378

(2d) 1083, 1086: "In the absence of a meaning given the words, 'furnish,' 'due' and 'proof,' the words are given their usual meaning in ordinary language."

Ordinarily the fact that an insurer, even with notice of loss, remains inert and fails to demand that insured comply with stipulations as to proofs of loss, does not constitute a waiver thereof, unless coupled with other acts calculated to lead insured to believe that proofs need not be furnished. 33 C.J. § 684, p. 26.

In the case at bar, appellee, in his letter requesting blanks, notified appellant that upon failure to receive such blanks he would presume that the proofs furnished in the letter were sufficient. A question arises as to whether a denial of liability almost two years after the expiration of the six months of disability would constitute a waiver, or whether such delay constitutes a forfeiture of appellee's rights under the policy. Ordinarily courts will not declare a forfeiture for failure to make formal proof of loss where no provision for forfeiture is contained in the policy. Continental Ins. Co. v. Nabors (Tex.Civ.App.) 6 S.W.(2d) 151 (writ refused).

There is no such provision in the policy here involved. It has also been held that delay does not constitute a defense if the insurer received notice in time to investigate and is not prejudiced by the delay. Maryland Casualty Co. v. W. C. Robertson & Co. (Tex.Civ.App.) 194 S.W. 1140. There is no suggestion here that appellant was denied its chance to investigate and, in fact, the increased delay and continued disability would increase the chances of a recovery by appellee and thereby relieve appellant of any liability. Appellee's condition might have been such at the expiration of the six months' period that it could have been reasonably presumed that his disability would continue for life, while there might have been such a change in his condition between that time and nineteen months later that such presumption could not be indulged. Further, it has been said that in the absence of a provision for forfeiture, failure to furnish proofs of loss was not a defense to bar recovery, but a right given to insist upon such proof before suit is brought that abates the suit, and one that must be presented and decided prior to the trial on the merits or it will be waived. Westchester Fire Ins. Co. v. Dixon (Tex.

Civ.App.) 7 S.W.(2d) 963. No plea in abatement was filed here by appellant.

While the submission of undisputed issues is error, such action will not justify a reversal of the judgment unless the jury is confused thereby. No such result is shown here, and the assignments raising the question are overruled.

The trial court in his discretion permitted the finding of the jury on the question of attorney fees to stand, and we cannot say that such discretion was abused in the sum allowed.

The judgment of the trial court is in all things affirmed.