AETNA LIFE INSURANCE COMPANY v. RAYMOND TIPPS.

No. 7213. Decided November 23, 1938.
Rehearing overruled January 11, 1939.
(121 S. W., 2d Series, 324.)

214

*Harry P. Lawther* and *Lawther & Cramer,* all of Dallas, for plaintiff in error.

A group policy of insurance and an individual certificate under such group each constitute a part of an indivisible contract, and a provision requiring a proof of loss is a condition precedent to a recovery on the policy. Delaware Fire Ins. Co. v. Brock, 109 Texas 425, 211 S. W. 779; Aetna Casualty & Surety Co. v. Austin, (Com. App.), 300 S. W. 638; Lone Star Finance Co. v. Universal Automobile Ins. Co., 28 S. W. (2d) 573.

*White & Yarbrough,* of Dallas, for defendant in error.

Defendant had notice of plaintiff's disability in due time. Agency can be proved by circumstances. American Natl. Ins. Co. v. Callahan, 125 Texas 222, 81 S. W. (2d) 504; Cent. Fed. Fire Ins. Co. v. Lewis, 26 S. W. (2d) 474; Garrison v. Great So. Life Ins. Co., 72 S. W. (2d) 693.

MR. JUDGE TAYLOR of the Commission of Appeals delivered the opinion for the Court.

Raymond Tipps, defendant in error here, sued the Aetna Life Insurance Company, plaintiff in error, upon a life and health insurance policy in the sum of $1,000.00. Upon trial with the aid of a jury judgment was awarded Tipps against the company for the amount sued for, including statutory penalties and a $500.00 attorneys' fee. Upon appeal the Court of Civil Appeals affirmed the judgment. 98 S. W. (2d) 375. The case is here for review upon the company's application for the writ. A statement of the pleadings and findings of the jury are succinctly stated in the opinion of the Court of Civil Appeals.

The policy sued upon is one issued by the company under its wholesale or group insurance plan covering the employees of the Oak Cliff Pharmacy. The individual policies comprising the group were issued and delivered to the Pharmacy on September 21, 1925, covering the employees respectively, and are identically worded except as to names of employees and amounts of coverage provided respectively. The policy terms and con-

ditions are neither numerous nor complicated, the principal difficulty presented having arisen by virtue of the vagueness and general nature of the "due proof" clause later to be discussed. The policy declared upon is the one issued for the benefit of the employee, Tipps. The first provision material here stipulates that the agreement is made in consideration of a premium to be paid by the Pharmacy of seventy-nine cents per month from policy date, and the further consideration of renewal premiums to be paid monthly in advance for subsequent insurance. It is undisputed that the Pharmacy paid the premiums monthly on the policy from the time of its issuance until January 24, 1935, a period of nearly 10 years; also that Tipps was injured by a fall from a ladder at the Pharmacy store on July 1, 1932, while in its employ. The suit is predicated upon that provision of the policy stipulating payment of a benefit to the insured in the event of his total and permanent disability before the age of 60. It reads:

"If total disability of the insured begin after the date of this policy and before age sixty, and if due proof be furnished the company after such disability has existed for a period of six months and if such disability presumably will during lifetime prevent the insured from pursuing any occupation for wages or profit, * * * the insured shall be deemed to be totally and permanently disabled within the meaning of this policy."

It is uncontroverted that the disability of the insured began after the date of the policy and before he was 60 years of age. Nor is it controverted that the proof of disability furnished to the company and relied upon by the insured as "due proof," was furnished *after* the disability had existed for a period of more than six months. It is not contended by the company here that the disability resulting from the fall was not total and permanent within the meaning of the policy. The jury found in response to special issues submitted in the exact language of the policy that Tipps "became totally disabled after the date of the policy" and that such disability would during his lifetime prevent him "from pursuing any occupation for wages or profit."

The policy further provides for its returning to the company upon termination of the insured's employment. The provision reads:

"Upon the termination of the insured's employment with the employer, the employer shall by written notice and return of this policy terminate the insurance hereunder to be effective

at the end of the policy month in which employment terminated."

We find no basis for holding that Tipps' employment was terminated by the Pharmacy prior to the time of its surrender to the company. Tipps at the time of his injury on July 1, 1932, was taken from the Pharmacy to the Emergency Hospital immediately after his fall and from there to Baylor Hospital where he remained about two weeks before being taken to his home. The Pharmacy at the time of Tipps' injury had kept the policy in force nearly eight years and continued it in force thereafter by monthly payment of the premium until "along in January, 1935," about which time L. O. Donald, owner and proprietor of the Pharmacy returned the policy to the company. The amount of the premiums was paid in a lump sum monthly for all the employees and was deducted from their salaries. The provision of the policy under which it was kept in force, reads:

"This policy may be continued at the expiration of the first premium paying period and monthly thereafter, but only while the insured remains in the employ of the employer, by payment in advance each month by the employer of a monthly premium based upon the table of premium rates shown herein."

■ It will be noted that the policy is kept in force only while the insured remains in the employ of his employer. By virtue of the provisions relating to the payment of the premiums the Pharmacy was the company's agent in the matter of their collection and payment. Article 5056, R. S. 1925; General American Life Insurance Co. v. Gant, 119 S. W. (2d) 693. The company states in its application for the writ that it "was singular" that Donald "continued to pay the premiums on Tipps' policy until January 24, 1935," as "under a provision of the policy payment of the premium ceased upon cessation of employment." There is no evidence that the *employment* ceased at the time of Tipps' injury, nor is it shown that the relationship of employer and employee was terminated prior to the surrender of the policy. On the other hand it appears that the Pharmacy continued collecting and paying the premiums on the policy until its surrender in 1935. While Tipps did not resume performance of his duties subsequent to his injury, he was unable to do so on account of total permanent disability resulting therefrom. It is not "singular" that under the circumstances he was not discharged. He, a negro boy, began working for the Pharmacy when he was 13 years of age and at the time of his injury had been continuously in its employ

for 30 years. It appears in the application made by the Pharmacy for the insurance of its employees that Tipps was employed in 1902. Mr. Donald testified that he had been working for the Pharmacy all the time it had been in business; that he was a good boy; that he was a porter and "way back in the early days he delivered some"; that for the last 15 or 20 years he had done porter work and hauled the Pharmacy's freight and for that period of time had carried a key to the store; that he worked for the Pharmacy about 33 years. It thus appears that he was in its employ until 1935 when the last premium was paid. The Pharmacy early in that year surrendered the policy to the company, and the company at no time tendered return of any of the premiums.

The principal contention of the company is that the insured did not comply with the "due proof" clause of the policy. Upon conclusion of the evidence the company moved for an instructed verdict, alleging that Tipps had not complied with the policy provisions. The only specific allegation of noncompliance was that Tipps had not made "due proof of his total and permanent disability claimed by him" and had not sent such proof together with his policy to the home office of the company. The company contends in this connection that Tipps introduced no evidence of making the required due proof of disability.

The pertinent facts stated in the light of the jury's findings are as follows: Tipps testified that he wrote a letter to the company at its home office about three months after he returned from the hospital, telling it that he had been in the hospital and when he was injured, and explained that he was totally and permanently injured. He further testified that shortly thereafter a gentleman whom he did not know came to his home and inquired whether he was Raymond Tipps and whether he worked for the Oak Cliff Pharmacy; that upon an affirmative reply being made to the inquiry the gentleman handed him the letter he (Tipps) had written the company and inquired whether he had written it; that after he told him he wrote it he made inquiry concerning his injuries, his stay in the hospital and how long he had worked for the Pharmacy; that the gentleman prior to taking his departure told him the company was not going to pay him anything because he was not due anything. Thereafter Tipps, through his attorneys, after his disability had existed for more than six months, advised the company by letters received at its home office in Hartford, Connecticut, that the insured was totally and permanently disabled. The letter written by the attorneys on October 26, 1934, stated they had been employed to represent Tipps in connection with

his claim under his policy; that he sustained injury about July 1, 1932, while working as an employee of the Pharmacy, which resulted in his total and permanent disability. They requested that blank forms he sent upon which to furnish proof of such disability, stating in effect that in event none were sent they would conclude that the company had all the proof required by it from the insured that he had suffered total and permanent disability. Demand was made for payment. No reply being received the attorneys two months later again wrote the company demanding payment and stated that attorneys' fees and penalties would be added in case it became necessary to file suit. The company received both letters but did not reply to either. In the interim between the writing of the letters the company sent an investigator from its Dallas claims department to see Tipps. The investigator testified that he went to Tipps' home and there talked with him for a half hour or more about the accident. He further testified that "on instructions from the home office" he did not send the blank forms requested. Suit was filed on February 18, 1935, about a month after the last monthly premium on the policy was paid.

■ The company contends also that such "due proof" as was made by the insured to the company concerning his disability, was unreasonably delayed. The contention cannot be sustained. The policy contains no requirement to furnish the company the usual notice and proof of loss within a specified time. In fact no element of time enters into the requirement other than that "due proof" of disability be furnished *after* it had existed for a period of six months "during the continuance of this policy." In other words *at least six months* of disability which "presumably will during lifetime prevent the insured from pursuing any occupation for wages or profit," must elapse before "the insured shall be totally and permanently disabled" within the meaning of the policy. Until *after* such total disability has existed for six months the requisite "due proof" cannot be made conclusively. How long after, or what shall be considered "due proof" is not specified in the policy. Cases cited by the company in support of its contention that the clause in question was not complied with, such as Scottish Union & National Ins. Co. v. Claney, 83 Texas 113, 115, 18 S. W. 439, and Connecticut General Life Ins. Co. v. Williams (Civ. App.) 87 S. W. (2d) 807, are not in point. The requirements to be met in those cases as conditions precedent to recovery are specific. In the present case the requirement is wholly general. The context does not serve to make it specific either as to form, or as to any fact, to be furnished. There is

no language in the policy requiring that the information to be furnished shall be verified, or even that it be written. No particular method or form of presenting the facts is prescribed, nor is the statement of any specific fact exacted. The condition is merely that "due proof" be furnished of total permanent disability within the meaning of the policy. The case of American National Ins. Co. v. Callahan 125 Texas 222, 81 S. W. (2d) 504, states that "with respect to the term 'due proof' as here used, the rule is fairly deducible from the authorities that unless the context shows otherwise the term will not be taken as presenting any particular form to be observed in presenting the facts called for." The only fact called for in this case is the general fact of disability within the meaning of the policy. See also Travelers Ins. Co. v. Cadena, 91 S. W. (2d) 1112. The company was not merely notified in general terms that Tipps had been totally and permanently injured within the meaning of the policy, but was advised that the insured would conclude no further proof was required unless blank forms were sent. This was tantamount to saying to the insurer that if you do not in response to the request made furnish forms indicating the nature of proof required, the insured will assume that none is desired. In the present case it seems the response was made by sending an investigator to see the injured claimant personally. Presumably under the facts stated the insured furnished the company the specific facts it desired when its investigator called upon him seeking further information. We overrule the company's contention relating to the "due proof" clause.

■ The company urged for the first time in its motion for rehearing in the Court of Civil Appeals that there was fundamental error in the case. The assignment is in effect that Tipps filed suit upon a "group policy" issued to the employer and also upon an individual certificate issued to him for the sum of $1,000.00, and that he failed to make out his case in that he offered no proof of the individual certificate. The case of Wann v. Metropolitan Life Ins. Co. (Com. App.) 41 S. W. (2d) 50, is cited in support of the assignment.

In that case the insurer issued a master "group policy" to the employer and also an individual certificate to the employee reciting that it was subject to the terms and conditions expressed in the master policy. It was held that the individual certificate did not constitute the complete contract of insurance. The holding is correct under the facts of that case. Such are not the facts here. No master policy was issued and delivered to the employer in the present case, but only individual

policies covering each employee. All of the individual policies of the group, including the one here sued upon, provide that "this policy constitutes the entire contract between the parties * * * ." It is obvious that the cited case is not applicable. The assignment is overruled.

We find no basis for disturbing the holding of the courts below upon the question of the reasonableness of the $500.00 attorneys' fee allowed plaintiff. The form in which the issue was submitted to the jury was not objected to.

The judgment of the Court of Civil Appeals affirming the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court November 23, 1939.

Rehearing overruled January 11, 1939.