500

Philip L. Kelton and J. W. Gormley, both of Dallas, Tex., for appellant.

J. G. Harrell, of Breckenridge, Tex., and Stanley Boykin and George F. Seideman, both of Fort Worth, Tex., for appellees.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Standard Accident Insurance Company, a Michigan corporation, issued its policy of public liability insurance to Alexander, Inc., a Texas corporation. On April 27, 1938, Al J. Everts filed suit in the District Court of Stephens County, Texas, claiming damages from the insured·for injuries alleged to have been received by him in August, 1937, when he was on the premises of Alexander, Inc. Immediately following service of citation, Alexander, Inc., called upon the insurance company to defend the damage suit.

The insurance company contended that it was under no obligation to defend the suit or pay any judgment that might be recovered. This for the reason that the terms of the policy provided for immediate written notice in the event of accident, and that it did not receive notice until after Everts had filed his suit for damages some eight months after the accident occurred. It thereupon filed its complaint in the United States District Court seeking a declaration of its rights and liabilities under the policy with respect to the claim of Everts. From a judgment adverse to its contention, the insurance company brings this appeal.

Alexander, Inc., owned an ice and cold storage plant in Breckenridge, Texas, and rented space in cold storage vaults to local merchants. Al J. Everts was an employee of a firm that rented cold storage space and it was part of his duties to place fruits and vegetables in the cold·storage vault and remove them as needed to replenish his employer's stock. He testified that on or about August 10, 1937, he went to the vault at the plant and that while there engaged in putting watermelons in storage he fell and skinned his knee; that he went to the man in charge of the front dock and had the cut place painted with mercurochrome. The injury appeared trivial at the time and Everts said it amounted to nothing, and returned to his work.

The trial court found that Everts never reported the accident to any employee of Alexander, Inc., except the man on the front dock who administered first aid; that Everts made no claim until he filed suit, and that Alexander, Inc., did not have notice or knowledge of the accident until it received service of citation in the suit in the state court. Alexander, Inc., when served with notice of Evert's suit, immediately forwarded the citation to the representative of the insurance company. The court found that

under the circumstances of the case notice of the accident was given within a reasonable time and that Alexander, Inc., was protected under the terms of the insurance contract.

The provisions of the policy calling for immediate written notice in the event of an accident required the insured to give notice within a reasonable time after it knew, or through the exercise of reasonable diligence, should have known of the occurrence of an accident.

Alexander, Inc., could not report an accident until it had knowledge that one had occurred. Everts was not an employee of this company. So far as the record discloses he was a complete stranger to its business and it could not know that he claimed damages for injuries or that it was in any way liable. Where one who carries insurance exercises reasonable diligence in the regulation of its business and reports an accident promptly after acquiring knowledge of its occurrence, the notice mandate of the policy is fully complied with. Texas Glass & Paint Co. v. Fidelity & Deposit Co., Tex.Com.App., 244 S.W. 113, and cases cited. See, Empire State Surety Co. v. Northwest Lumber Co., 9 Cir., 203 F. 417, 420.

The trial court had before it the witnesses and could weigh fully the evidence in this case. It found that notice had been given within a reasonable time. We are of opinion there was substantial evidence upon which to predicate this ruling.

The judgment is affirmed.

Circuit Court of Appeals, First Circuit.