## ROBERTS et al. v. THOMAS et al.
### No. 5397.

Court of Civil Appeals of Texas.
Texarkana.
May 3, 1939.

Rehearing Denied May 11, 1939.

Morgan & Morgan, of Greenville, and Gordon Wiley, of Ft. Worth, for appellants.

Clark & Clark, of Greenville, for appellees.

WILLIAMS, Justice.

This is a suit to recover for loss of a truck totally destroyed by fire, alleged to be covered by an insurance policy issued by appellants, Frank F. Roberts, Cleaves Rhea and Alex Rhea, attorneys-in-fact for Fort Worth Lloyds, an Association, to appellee C. W. Thomas with loss payable clause in favor of the Greenville Exchange National Bank. Appellants contend that one W. R. Anderson was the agent of Thomas in all the transactions later detailed, and upon this contention bases its sole defense to liability that the insurance policy had been cancelled prior to the fire. All propositions and assignments advanced by appellants rest upon the question of this agency.

Anderson operated an insurance agency in Greenville. So did Arant & Company. Anderson, who solicited this insurance from Thomas, not being able to write this type of coverage in any of his companies, contracted and procured Arant & Company to write the coverage in one of its companies. Anderson paid the premium that he collected from Thomas to Arant & Company. These agents divided the commission on this premium. Other policies had been so handled by these agents where one or the other could not write a particular coverage. The first company carrying the coverage cancelled out, leaving $8 unearned premium. Arant & Company then issued another policy, as agents of appellants. A controversy later arose between Thomas, who was solvent, and Anderson over the premium charged on the latter policy. This $8 retained by Arant & Company would have paid the premium earned on the latter policy beyond date of the fire if the correct legal charge had been assessed, and if it had cancelled without request of insured. We pretermit a discussion of this phase of the case. While this controversy was pending Anderson instructed Arant & Company to cancel the policy. He did not contend that Thomas instructed him to return the policy and have it cancelled, but he just assumed that Thomas wanted it cancelled. Thomas contends he wanted the premium so charged to be reduced to the legal amount authorized by the State. The jury found, in answer to the only question submitted to them, that Thomas did not authorize Anderson to cancel the policy.

Under such facts the disposition of this appeal is governed by the plain and specific provisions of Article 5056, R.C.S. of Texas, reading: "Any person who solicits insurance on behalf of any insurance company, * * * or who takes or transmits other than for himself any application for insurance or any policy of insurance to or from such company, * * * or who shall receive or deliver a policy of insurance of any such company, or who shall examine or inspect any risk, or receive, or collect; or transmit any premium of insurance, * * * or do or perform any other act or thing in the making or consummating of any contract of insurance for or with any such insurance company other than for himself, * * * shall be held to be the agent of the company for which the act is done, or the risk is taken, as far as relates to all the liabilities, duties, requirements and penalties set forth in this chapter."

Anderson solicited this insurance. He received and delivered the policy. He col-

lected and transmitted the premium from the insured. He received his remuneration for his services not from the insured, but from a part of the commission on the premium. Applicable to this record, and construing Article 5056, supra, see Camden Fire Ins. Ass'n v. Wandell, Tex.Civ.App., 195 S.W. 289; Teutonia Ins. Co. v. Ewing, 6 Cir., 90 F. 217; Queen Ins. Co. v. Union Bank & Trust Co., 6 Cir., 111 F. 697; General American Life Ins. Co. v. Gant, Tex.Civ.App., 119 S.W.2d 693.

The judgment of the trial court awarding appellees a recovery is affirmed.