## CALLAWAY v. CENTRAL SURETY & INS. CORPORATION.

### No. 9158.

Circuit Court of Appeals, Fifth Circuit.

Dec. 1, 1939.

H. J. Yarborough, of Dallas, Tex., for appellant.

Allen R. Grambling, of El Paso, Tex., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

The appellee sought and obtained in the court below a judgment declaratory of its rights under a policy of liability insurance theretofore issued by it to J. W. Wilford, who prior to the institution of this suit, had been sued by appellant in a Texas state court for damages resulting from the negligent operation of an automobile. The car, which was owned by Wilford and driven by his agent, collided with an automobile in which appellant's wife was sitting, inflicting upon her serious personal injuries.

This case came on for hearing below in advance of the action for damages in the state court and was tried by the court without a jury. The court found that notice of the accident was not given as soon as practicable, as required by the policy, and that the appellee suffered a substantial injury on account of the failure to give such notice. It held that Article 5546 of the Revised Statutes of Texas of 1925 did not apply; that the provision of the policy requiring notice was binding upon the insured; and that his failure to comply with it deprived him of any protection under the policy for the accident in which the wife of appellant was injured.

■ The policy provided that, upon the occurrence of an accident, written notice should be given the company by the insured "as soon as practicable." The appellee contends that this provision is not in violation of Article 5546 aforesaid, because notice of an accident is not the same as notice of a claim for damages. This being a matter of Texas law, upon which the local courts have expressed doubt,[1] and it not being necessary for us to decide it in order to dispose of the case, we concede the point without deciding it, and shall proceed to the decision of the case upon the theory that the provision in the policy as to notice is valid.

■ In its conclusions of law the court held that notice as soon as practicable meant notice within a reasonable time, and we concur in that ruling; but even so we think the evidence does not support the court's finding that the insurance company was not given notice of the accident as required by the terms of the policy. Construing the evidence most favorably to the company, notice was given within 22 days after the accident. This was in ample time for a full investigation of the case, and the company was not prejudiced in any way by the delay.

■ This is a Texas contract, and we are bound by the Texas decisions. See Standard Accident Insurance Co. v. Alexander, 5 Cir., 103 F.2d 500, 501; Aetna Life Ins. Co. v. Tipps, Tex.Civ.App., 98 S.W.2d 375, 378 (affirmed by the Supreme Court of Texas in 132 Tex. 213, 121 S.W.2d 324); General Accident F. & L. Assur. Corp. v. Butler's Ice Cream Factory, Tex.Com. App., 5 S.W.2d 976, 979; Fidelity & Casualty Ins. Co. of New York v. Mountcastle, Tex.Civ.App., 200 S.W. 862, 865; Texas Employers' Insurance Ass'n v. Mummey, Tex.Civ.App., 200 S.W. 251. Cf. McMaster v. New York Life Insurance Co., 183 U.S. 25, 22 S.Ct. 10, 46 L.Ed. 64; Shaw v. United States Fidelity & Guaranty Co., 3 Cir., 101 F.2d 92, 100; Pan-American Life Insurance Co. v. Welch, Tex.Civ.App., 74 S.W.2d 408.

The judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

[1] Travelers' Ins. Co. v. Scott, Tex.Civ. App., 218 S.W. 53. See also Texas Glass & Paint Co. v. Fidelity & Deposit Co.,

Tex.Civ.App., 226 S.W. 811, affirmed, Tex.Com.App., 244 S.W. 113.