## SCHMIEDEKE v. TRAVELERS INS. CO.

District Court, N. D. Texas, Dallas Division.
Jan. 4, 1940.

John Davis, of Dallas, Tex., for the motion.

Pinkney Grissom, of Thompson, Knight, Baker, Harris & Wright, of Dallas, Tex., for defendant.

ATWELL, District Judge.

The plaintiff claims, in a suit on an accident policy issued by the defendant, that the insured deceased, died an accidental death by asphyxiation; the gas being monoxide.

The defendant pleads that portion of the policy which is as follows: "The company shall have * * * the right and opportunity to make an autopsy in case of death, where it is not forbidden by law," and that an autopsy was demanded by it before the burial of deceased, and, denied by the plaintiff.

The plaintiff moves to strike that part of the answer.

The supreme court of Texas, in the case of Polk County v. Phillips, 92 Tex. 630, 51 S.W. 328, held that the object of the statute which provides for an inquest upon a dead body, is to enforce the law in case an offense has been committed. But the case was merely in consideration of the liability of the County of Polk for a doctor's bill for performing an autopsy.

The Texas Commission of Appeals, in Ætna Casualty & Surety Company v. Love, 132 Tex. 280, 121 S.W.2d 986, 989, stated that the authority of a justice of the peace to order an autopsy, is derived exclusively from Article 970, Vernon's Ann. C.C.P. Texas, the Article quoted in the Polk County case, and that the only purpose for which the authority may be exercised by a justice of the peace, is for the detection of crime. In the same case, Love v. Ætna Casualty & Surety Co., Tex.Civ. App., 99 S.W.2d 646, it was held that an autopsy will not be permitted for an insurer's claim adjuster who was seeking it for the sole purpose of defeating a claim against the insurer. Neither of those grew out of a contract provision.

In Travelers Insurance Company v. Welch, 5 Cir., 82 F.2d 799, the circuit court of appeals for this circuit, in passing upon the same clause that is found in the present policy, advised that if an autopsy were not permitted upon request, then the insurer should appeal to the court for a decision as to its propriety. The case also calls attention to the fact that such a clause is a post right and is usually not a bar to the insurance unless expressly made so. Hamilton v. Home Insurance Company, 137 U. S. 370, 11 S.Ct. 133, 34 L.Ed. 708.

It is conceded in argument that there was no attempt to secure an order from a court in the present case, for an exercise of the right of the examination provided for in the contract.

It seems to me that the courts of Texas, instead of denying the right, if provided for in the contract of insurance, grant the right, provided the application is made promptly, to a court, after denial, before burial.

American National Insurance Company v. Nuckols, Tex.Civ.App., 187 S.W. 497; Ætna Life Insurance Company v. Robinson, Tex.Civ.App., 262 S.W. 118. Those cases seem to be in line with the general rule as evidenced by Wehle v. United States Mutual Accident Association, 153 N. Y. 116, 47 N.E. 35, 60 Am.St.Rep. 598; Painter v. United States Fidelity & Guaranty Co., 123 Md. 301, 91 A. 158; Standard Accident Insurance Company v. Rossi, 8 Cir., 35 F.2d 667; Whitman v. Kentucky Central Life & Accident Ins. Co., 232 Ky. 173, 22 S.W.2d 593; General Accident Fire & Life Insurance Corp. v. Savage, 8 Cir., 35 F.2d 587; Clay v. Ætna Life Insurance Company, D.C., 53 F.2d 689; Employers' Liability Assur. Corp. v. Dean, 5 Cir., 44 F.2d 524; writ of certiorari denied, 283 U. S. 825, 51 S.Ct. 347, 75 L.Ed. 1439.

Painter v. United States Fidelity & Guaranty Company, supra, agrees with Travelers Ins. Co. v. Welch, supra, to the effect that an appeal should be made to a court if, and, when, those who are entitled to give consent, do not do so, and this seems to track the law as expressed by the Texas courts.

In this case there is no allegation that the deceased came to his death by causes other than asphyxiation, nor is there any allegation with reference to court action. Nor, will the mere statement that, "because of such violation of the policy plaintiff cannot recover," satisfy the law.

The motion to dismiss that portion of the answer must be sustained.