**LOVE et al. v. NORTHWESTERN NAT. LIFE INS. CO.**

No. 9570.

Circuit Court of Appeals, Fifth Circuit.

April 22, 1941.

H. M. Holden, of Houston, Tex., for appellants.

H. Earl Cox, of Houston, Tex., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

This case comes to us on a statement under Rule of Civil Procedure 76, 28 U.S. C.A. following section 723c, without the pleadings. It is stipulated that one plaintiff-appellant is the widow and beneficiary under a policy on the life of Abram Love issued by appellee; the others are the children and heirs of Abram Love; that diversity of citizenship and amount involved give federal jurisdiction; that the policy contained provisions below set forth for waiver of premiums and payment of annual sums on and during total and permanent disability; that before he was sixty years old Love became totally and permanently disabled Oct. 3, 1934, by pulmonary tuberculosis and so continued till his death March 30, 1939. It was testified that during the period of disability Love's son and daughter arranged to pay the premiums and paid them in a total sum of $645, never having seen the policy and not knowing of the disability

provision. Promptly after Love's death claim was made for the death benefit and also for the disability payments and a return of the premiums. No point is made against the proofs then made except as to the time. The Company had no previous information of the disability. It paid the death benefit but refused to pay the disability benefits or to refund the premiums. Each side moved for an instructed verdict and the court instructed the jury to find for the defendant. The correctness of that ruling is the sole question on this appeal.

The case turns on the proper construction of the policy provisions. It is conceded that Love would have been entitled to waiver of premiums and disability payments after sixty days had he furnished due proofs promptly and before dying. The Company argues that due proofs were a condition precedent to the existence of any liability, and that liability ceased on death before any proofs were made. The appellants contend that the existence of the disability raised the obligations, and while they could not be enforced until proof was furnished to the Company, no forfeiture of them was provided in case of delay, even till after death.

The cases which hold merely that the making of proofs is a condition precedent to recovery need not be noticed. It is of course true that the Company was in no default until proofs were made to it. Interest would not run, nor could a suit be maintained without them. Proofs were made here before suit. The question is whether the proofs could, when made, perfect liability.

 Provisions for premium waiver on total and permanent disability and for disability benefits may be so worded as that no liability arises until proofs are furnished. And a time limit for making proofs can be fixed. If the making of proofs is the condition on which liability arises, a proof after disability has terminated by death would be too late, unless otherwise agreed, because the disability then no longer exists. On the other hand, if the insurer agrees to waive premiums and pay benefits on the occurrence of disability, and requires the furnishing of proofs not as a condition of the obligation to do so, but only as a mode of establishing that the obligation exists and as a prerequisite to recognizing it, different results follow. The obligation which is fully born on the occurrence of

disability would not perish by a delay to make proof of it unless expressly so provided, for that would be to forfeit a benefit for which a premium has been paid and received. An unreasonable delay which has prejudiced the insurer, or of which no good explanation appears, may evidence a waiver, or an election not to claim, or perhaps in some circumstances raise an estoppel. But in this case the explanation is made that the insured was too ill to attend to business, that the policy was locked in a safety deposit box and its whereabouts and provisions unknown to his family; and the disability is admitted by the insurer, so that no injury accrued by the loss of opportunity to make physical examinations of the insured. No equitable reason exists why the insurer should not now do whatever it agreed to do.

The terms of the agreement here important are: "If the insured while less than sixty years of age, and while this policy is in full force and effect, shall become totally and permanently disabled as hereinafter provided, the Company will waive the payment of future premiums and will also pay annually to the insured * * * subject to the following conditions and provisions: (a) The insured shall furnish due proof to the Company at its home office that he has become totally and permanently disabled * * * and that such disability has then existed for not less than sixty days. (b) Commencing with the premium due next succeeding the receipt of such proof the Company will waive payment of each premium as it thereafter becomes due; and six months after receipt of said proof the Company will begin to pay an annual income of one-tenth the face amount of the policy and continue to pay the same during such total and permanent disability until the death of the insured * * *." Are provisions (a) and (b) conditions precedent to the arising of any obligation, or are they descriptive of the manner in which compliance with the obligation which has arisen is to be secured? Does a failure to do what is specified before death forfeit all right to compliance, or only postpone performance?

 There are many cases which hold that where the promise of the insurer *is preceded by and evidently conditioned on* the presentation of proof of disability, no obligation arises retroactively to waive premiums or pay benefits on making delayed proofs. Peoria Life Ins. Co. v.

Bergholm, 5 Cir., 50 F.2d 67, affirmed, 284 U.S. 489, 52 S.Ct. 230, 76 L.Ed. 416; Egan v. New York Life Ins. Co., 5 Cir., 67 F.2d 899; Avery v. New York Life Ins. Co., 5 Cir., 67 F.2d 442; Chambers v. Franklin Life Ins. Co., 5 Cir., 80 F.2d 339; Metropolitan Life Ins. Co. v. Wann, 130 Tex. 400, 109 S.W.2d 470, 115 A.L.R. 1301; Garrison v. Great Southern Life Ins. Co., Tex.Civ.App., 72 S.W. 2d 692. This policy is different from those in the cited cases in that it first promises benefits simply "if the insured shall become totally and permanently disabled." It adds several lines after, "subject to the following conditions and provisions"; but nowhere indicates what part of what follows is a "condition" and what mere "provisions". Under the general rule that the language chosen by an insurer in his policy will in case of ambiguity be construed against him, we cannot say that the words, "(a) The insured shall furnish due proof to the Company at its home office that he has become totally and permanently disabled" is a condition of liability rather than a provision as to procedure. There is no requirement anywhere that the proof be made at any particular time (except that the disability must have continued for sixty days) or that a forfeiture of the benefits will result if proof is not made before death. We cannot construe such a result into the policy. Almost identical language was considered in Bank of Commerce v. Northwestern National Life Ins. Co., 160 Tenn. 551, 26 S.W.2d 135, 68 A.L.R. 1380, and was held not to condition benefits on the making of proof during life. The Supreme Court of Texas in Aetna Life Ins. Co. v. Tipps, 132 Tex. 213, 121 S.W.2d 324, 325, dealt with a group policy in which the promise was: "If total disability of the insured begin after the date of this policy and before age sixty, and if due proof be furnished the company after such disability has existed for a period of six months", benefits would be paid. It would seem that liability was conditioned on proofs. Both the sufficiency and the time of making the proof were questioned. It was held on the point of time that there was no limit fixed in the policy, and notice followed by an ignored request for proof of loss blanks about three years after disability began was sufficient. Delayed proofs were upheld in Equitable Life Ins. Soc. v. MacKirgan, 5 Cir., 86 F.2d 271. We here hold that the making of proofs of disability within any limit of time and before death is not made a condition of liability to pay disability benefits. Compare Minnesota Mutual Life Ins. Co. v. Marshall, 8 Cir., 29 F.2d 977; State Life Ins. Co. v. Barnes, Tex.Civ.App., 58 S.W.2d 189.

As to the recovery of premiums, it may be that the insured's right to a waiver of them was itself waived by not asking a waiver and by paying the premiums; or that the payment was voluntary and therefore final. But there is some evidence that insured's children paid through ignorance and by mistake. The pleadings are not here and we cannot tell just what issues existed about, the payments, or whether the issues ought to have gone to the jury.

We reverse the judgment directing a verdict for the insurer; and leaving all issues open for a new trial, remand the cause for further proceedings not inconsistent with this opinion.

Reversed.