**C. H. LANGDEAU, Receiver For Highway Insurance Underwriters, Appellant,**

v.

**Selma PISKE, Appellee.**

No. 10598.

Court of Civil Appeals of Texas. Austin.

Oct. 22, 1958.

Rehearing Denied Nov. 26, 1958.

Cecil C. Rotsch, Julius F. Franki, Long & Maroney, Austin, for appellant.

Tom H. Davis, Austin, for appellee.

ARCHER, Chief Justice.

This is an appeal from a judgment of the District Court, based on jury findings, in favor of appellee and against appellant. The suit was instituted by appellee against appellant to recover on an automobile liability insurance policy for a judgment previously obtained as the result of an accident.

Appellant contended that the policy previously issued had been cancelled, and alternatively that proper notice of the accident had not been given.

The appeal is founded on seventeen points assigned as error and are to the effect that the Court erred in overruling a motion for instructed verdict, when as a matter of law the policy had been cancelled; when the uncontroverted facts showed a cancellation of the policy by mutual agreement; that the jury's finding in answer to Issue No. 2 is against the great weight and preponderance of the evidence; in submitting Issues Nos. 1 and 3 on conditional surrender where there was no evidence to support such issues; and against the great weight and preponderance of the evidence; in overruling appellant's Motion for judgment when the facts showed that Johnson was the agent of Foster; and when, under the undisputed facts, Johnson had no authority to accept a conditional surrender of the policy; that the agreement between Foster and Johnson whereby Johnson was to secure other coverage in lieu of the surrendered policy was a new and separate transaction; that as a matter of law no written notice was given "as soon as practicable"; the finding of the jury in response to Issue No. 5 to the effect that Foster gave such notice within a reasonable time is against the great weight and preponderance of the evidence; and the answer to Issue No. 6 is contrary to the weight and preponderance of the evidence;

in refusing an instruction in connection with Issues Nos. 1 and 3 "that a condition cannot be made by an unexpressed mental reservation"; and failing to give appellant's requested instruction in connection with Issue No. 5 that notice to Johnson would not be notice to appellant.

It appears that in July, 1956, Magnesse L. Foster was operating a driver's training school and requested Wesley R. Johnson to obtain liability insurance on an automobile used in his business. A policy was secured from Andrew H. Viscardi, a recording agent for Highway Insurance Underwriters, which company issued the policy in question, which policy was delivered to Foster. On July 9, 1956, upon being notified of the issuance of the policy, Highway Underwriters instructed Viscardi to cancel the policy. Viscardi contacted Johnson requesting that the policy be picked up and cancelled. On August 6, 1956, Johnson requested Foster to return the policy which he did and the policy was returned to Viscardi.

Appellee says the policy was delivered by Foster for cancellation conditioned that Johnson would get other coverage and factually this is the point at issue.

On August 16, 1956, Foster was involved in an automobile accident in the car covered by the insurance policy, resulting in injury to appellee Selma Piske.

Suit was filed by Piske against Foster on November 9, 1956. Final judgment in favor of Piske against Foster was entered by the Court on January 24, 1957.

No written notice of the accident was ever given by Foster to the insurance company until November 23, 1956.

After notice of appeal was given by Highway Insurance Underwriters it was placed in receivership and the receiver is now appellant.

The policy in question, a Texas Standard Policy, expressly provided under its "conditions" the following:

"24. Cancelation. This policy may be canceled by the named insured by surrender thereof to the company or any of its authorized agents or by mailing to the company written notice stating when thereafter the cancelation shall be effective. This policy may be canceled by the company by mailing to the named insured at the address shown in this policy written notice stating when not less than ten days thereafter such cancelation shall be effective. The mailing of the notice as aforesaid shall be sufficient proof of notice. The time of surrender or the effective date and hour of cancelation stated in the notice shall become the end of the policy period."

Under the terms of the policy cancellation could be effected by three methods:

"1. Written notice from the insured stating when * * *;

"2. Ten days written notice from the company;

"3. Surrender of the policy by the insured to the company or its authorized agents."

No written notice having been given method number 1 is not involved.

In answer to Issue No. 4 the jury found that Foster waived written notice giving a fixed date of cancellation at least ten days prior to cancellation, and method number 2 is not involved.

The appellant contends that under method number 3 the policy was surrendered voluntarily by the insured, and cites Southern Traveler's Ass'n v. Wright, Tex.Com. App., 34 S.W.2d 823, aff. Sup.Ct.

The appellee takes the position that the policy of conditional surrender and the answers of the jury to Issues Nos. 1, 2 and 3 are supported by the evidence.

Issue No. 1 inquired if the policy was delivered to Johnson upon the condition that same was not to be cancelled until

Johnson had obtained other insurance of like kind for Foster, and the jury answered "Yes."

Issue No. 2 asked if at the time Foster surrendered the policy he believed and intended that such action would constitute immediate cancellation of the policy, and to this question the jury answered "No."

Issue No. 3 asked if at the time Foster by delivering the policy to Johnson thereby unconditionally consented to immediate cancellation thereof, and to this issue the jury answered "No."

The evidence is somewhat long and in some respects conflicting, and we shall not try to reconcile such testimony, but believe that the answers of the jury find reasonable support in the record.

As stated in Creech v. Thompson, Tex., 297 S.W.2d 817, 819:

"Our actual problem is largely one of permissible reasoning on the part of the jury by way of inference from circumstances in evidence and reliance on part of the testimony while disregarding contrary parts of it. In keeping with the familiar rule for testing a verdict for 'no evidence', we accept the evidence and permissible inferences therefrom most favorable to the verdict and so recite them unless otherwise indicated."

The jury has the right to choose to believe and to discard testimony, and it is peculiarly within the province of the jury to reconcile inconsistencies or accept or reject portions of witnesses' testimony. Texas & Pacific Ry. Co. v. Brown, 142 Tex. 385, 181 S.W.2d 68.

On cross examination, by an attorney for appellant, Foster testified in person and he had previously testified by deposition, that he had some experience in insurance business and had passed an examination on the aspects of insurance. The witness testified as to his acquaintance with Johnson; that when a policy is voluntarily surrendered the effective date of the cancellation is then and not at some future date, unless some future date is specified. Mr. Foster also testified that Johnson was a broker and that Viscardi was an agent, and of the visit of Johnson to pick up the policy; that he knew the policy was cancelled and that Johnson was placing his insurance with some other company; that he was not certain whether Johnson said the company wanted to cancel it or that they were going to cancel it.

On examination by attorney for appellee Foster testified that he told Johnson before the cancellation went through that he wanted to stay covered with liability and assumed that the policy would not be cancelled until he received other insurance, and that was his intentions and belief, and that unless he could have had coverage in another company he did not want the Highway Underwriters to be cancelled immediately.

Johnson, by deposition, testified that he was in the general insurance business, as an agent, and had been acquainted with Foster for about ten years and had, prior to July, 1956, placed insurance for him; that he placed a policy on a 1954 Chevrolet and Foster paid a part of the premium. The witness testified that he contacted Andrew H. Viscardi, a general insurance agent, and requested coverage for Foster and that Viscardi wrote the policy with Highway Insurance Underwriters on July 9, 1956, and delivered the policy to Foster and collected a portion of the premium.

Johnson further testified that in a week or so Viscardi asked him to pick the policy up and understood it was to be cancelled and in a day or so he picked the policy up and told Foster that Mr. Viscardi had asked that the policy be picked up; that he told Foster that the policy was being cancelled and Foster gave the policy to him and told him that he would obtain other coverage; that later the policy was given to Viscardi.

Viscardi testified that he was authorized to appoint sub-agents and had split commissions with Johnson and of the delivery of the Foster policy.

We believe that there was sufficient evidence to justify the jury's findings that Foster delivered the policy to Johnson on the express condition that other insurance would be had before it was cancelled, and further that when Foster delivered the policy to Johnson he did not believe or intend that such action would constitute immediate cancellation of the policy and did not consent unconditionally to its immediate cancellation.

Wesley R. Johnson was the agent of appellant in making an effort to cancel the policy and he had been instructed by Viscardi to do so. Roberts v. Thomas, Tex. Civ.App., 129 S.W.2d 394; Aetna Life Ins. Co. v. Tipps, 132 Tex. 213, 121 S.W.2d 324.

No part of the unearned premium which Foster paid has been returned by appellant and appellant is estopped to contend that the policy was cancelled. United States Insurance Co. v. Brown, Tex.Civ. App., 285 S.W.2d 843.

Foster gave notice as soon as practicable after the accident; he testified that he did not know what company had the insurance and did not know who to call other than Johnson. Johnson testified that he thought the Highway Insurance policy was cancelled and that Pioneer carried Foster's coverage.

Subsequent to filing the suit Foster employed counsel and gave notice to appellant, but appellant refused to defend the suit. American Employers' Insurance Co. v. Brock, 215 S.W.2d 370, er. ref., n. r. e.

Then it may be assumed that appellant would have denied liability if written notice had been given.

Viscardi testified that since everyone assumed the policy was cancelled, there was no reason to give notice and that after August 6, 1956, the Company thought it would have no further liability.

The jury found in response to Issue No. 6 that the Company would have denied liability even if notice had been given. Mutual Fire and Auto Ins. Co. v. Green, Tex.Civ.App., 235 S.W.2d 739, no writ; Universal Underwriters Lloyds v. Sulik, Tex.Civ.App., 301 S.W.2d 690, er. ref., n. r. e.

We overrule appellant's objection to the introduction into evidence of the Court's order sustaining Pioneer Casualty Company's motion for judgment, since no error was shown. Rule 434, Texas Rules of Civil Procedure.

The judgment of the Trial Court is affirmed.

Affirmed.

HUGHES, J., not sitting.