Priscilla M. **WILLIAMS**

v.

The **TRAVELERS INSURANCE COMPANY.**

Priscilla M. **WILLIAMS**

v.

**EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES.**

Civ. A. Nos. 3203, 3204.

United States District Court
W. D. Texas,
San Antonio Division.

July 30, 1963.

Josh H. Groce, San Antonio, Tex., for plaintiff.

Grady Barrett, San Antonio, Tex., for defendants.

SPEARS, Chief Judge.

These are suits on policies of accidental death insurance. Several questions of law were disposed of by the Court favorable to plaintiff on motions to strike and motions for partial summary judgment, after which a consolidated trial to a jury resulted in a ver-

dict for the plaintiff against each defendant. Having again fully considered said motions, I am of the opinion that the initial disposition made of the matters presented therein was correct.

The pleadings, affidavits and depositions herein showed without dispute that on December 23, 1961, around noon, the insured, William M. Williams, was involved in an intersectional automobile accident in the City of San Antonio. At that time Williams was 34 years of age, had a wife (the beneficiary under both policies) and three children, and was apparently in good health. Thereafter, in the early morning hours of December 30, less than seven days after such accident, he died suddenly and no physician was in attendance on him at the time of his death. Dr. Robert Hausman, County Medical Examiner, based principally upon hearsay evidence, signed the death certificate, giving as the cause of death "coronary infarction brought on by arteriosclerotic heart disease". However, Dr. Hausman testified by deposition that this was nothing more than an educated guess.

Travelers Insurance Company had issued a policy of accidental death insurance on the life of Williams for $60,-000.00, and Equitable Life Assurance Society of the United States had issued a somewhat similar policy on his life in the sum of $15,000.00. Both of such policies provided for notice of a "claim" within twenty days and the furnishing of proofs of loss within ninety days. On January 15, 1962, each company received a notice from an attorney who had been employed by Mrs. Williams, in which it was stated that the automobile accident was the cause of the death and that claim was being made for the principal sum of each policy.

Each company in turn furnished a beneficiary's statement form and requested copies of the death certificate. In addition to the beneficiary form, Travelers furnished a form for a physician's statement, but since no physician was in attendance at the time of death, this form was never returned to that company. (At the trial, the accidental death was testified to by doctors in answer to hypothetical questions). None of these forms was returned to either company within ninety days from the date of Williams' death, although, as far as Travelers was concerned, there were many conversations between the plaintiff's attorney and one of its representatives during this ninety day period, with an offer by the attorney to permit Travelers to personally interview Mrs. Williams, which was ultimately done after the ninety day period had expired. On May 10, 1962, more than 130 days after Williams' death, Travelers received the "Claimant's Statement— Proofs of Death", on the form it had previously furnished, and on June 25, 1962 a form which Equitable had furnished was completed and forwarded to the office of Munsingwear, Inc., the employer of the deceased, in accordance with instructions from Equitable. Copies of the death certificate were likewise furnished to both companies, but Travelers was advised by the attorney for Mrs. Williams that he was seeking to have the death certificate amended to show the accident.

The pertinent portions of each of the policies, which in this respect are almost, if not entirely, identical, are as follows:

"The Company, upon receipt of the notice of claim will furnish to the claimant such forms as are usually furnished by it for filing of proofs of loss. * * * Written proofs of loss must be furnished to the Company at its said office within 90 days after the date of the loss for which claim is made. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time provided such proof is furnished as soon as reasonably possible and in no event, except in the absence of legal capacity, later than one year from the time proof is otherwise required."

It will be noted that nowhere in this clause is it provided just what facts or

information shall be included in the "proofs of loss". The defendants contended that plaintiff was obligated to furnish evidence from some doctor that the loss (death of Williams) was caused by accident, but this could be shown in this case only by circumstantial evidence, together with answers to hypothetical questions. In Doty v. Ohio National Life Ins. Co., 58 Ohio App. 1, 15 N.E.2d 544, 549, the Court stated: "The due proof required by the policy need only be such proof as could be furnished under the circumstances. The proof submitted to the jury in the trial of the case need not all be submitted on the preliminary proof of death."

I am of the opinion that the documents submitted were all that could be reasonably expected under the facts of these cases.

The principal question of law, however, posed by such motions, was whether or not, under the undisputed facts of these cases, the policy provision above quoted provides for a forfeiture in case of delay in furnishing proofs of loss.

In 32 Tex.Jur.2d 576 (1962), it is stated:

"The court ordinarily will not declare a policy forfeiture for failure to make formal proof of loss where no provision for forfeiture is contained in the policy. In that situation, instead of forfeiture, failure to make proof in the time specified merely postpones the time of bringing suit until after proofs are made."

A similar statement is contained in 45 C.J.S. Insurance § 1009b (1946). See Love v. Northwestern Nat'l Ins. Co., 119 F.2d 251 (5 Cir.1941); Sun Mut. Ins. Co. v. Mattingly, 77 Tex. 162, 13 S.W. 1016 (1890); Continental Ins. Co. v. Nabors, 6 S.W.2d 151 (Tex.Civ.App.1928); Chicago Fire & Marine Ins. Co. v. Herring, 54 S.W.2d 236 (Tex.Civ.App.1932); Aetna Life Ins. Co. v. Tipps, 98 S.W.2d 375 (Tex.Civ.App.) aff'd 132 Tex. 213, 121 S.W.2d 324 (1938); Whitehead v. Nat'l Cas. Co., 273 S.W.2d 678 (Tex.Civ. App.1954).

█ It seems clear, from a reading of the policy provision that it was not the intent of the contracting parties in either case to make a delay in the furnishing of proofs of loss a ground for forfeiture. Had either insurance company intended to so provide, it could have done so in stronger and more positive language. As a consequence, I am unwilling to hold with respect to these cases that delay in furnishing proofs of loss constituted ground for forfeiture.

█ The defendant Travelers further asserted that at the time of the accident the insured was "at work for remuneration or profit as an operator or member of a crew of the conveyance". If this was true, there could be no recovery with respect to this policy. However, the undisputed facts reflect that the insured was a salesman and at the time of the accident was on his way to service a customer. I am of the opinion that the quoted language would apply only to a person such as a taxi driver or bus driver who was operating a conveyance for remuneration or profit. Here, the assured was a salesman driving a private passenger automobile in his business as a salesman, and his business was certainly not that of an operator or member of a crew.

█ Defendants also complained of the fact that no autopsy was performed. They did not allege that they requested such an autopsy, but say that Dr. Hausman, the County Medical Examiner, did request one. It is apparent that under the case of Schmiedeke v. Travelers Ins. Co., 30 F.Supp. 640 (N.D.Tex.1940), and authorities therein cited, this cannot be successfully urged as a defense.

The jury having decided each case in favor of the plaintiff on sufficient evidence, an appropriate judgment has been entered for plaintiff against each defendant.